ALBANY,
Jan. 1831.

In the matter of the application of JACOB BARKER, relative to the election of Directors of the Mercantile Insurance Company of New-York.

In the matter of Barker.

A *trustee*, holding stock in an insurance company for the benefit of others, is entitled to vote in the choice of directors.

So *hypothecated stock* may be voted upon by the pledgor, in corporations created previous to 1st January, 1828.

An *alien* stockholder cannot vote by *proxy*, where, by the terms of the act of incorporation of the company, the right so to vote is given to each stockholder being a *citizen*, &c.

AN election of directors of the Mercantile Insurance Company of New-York was holden on the 10th January, 1831. Jacob Barker demanded to vote on 1290 shares of stock standing in his name on the books of the company, 1255 in his own right, and 35 as *trustee* for his minor children. His vote was challenged, and the challenge allowed by the inspectors. Had he been permitted to vote on the whole number of shares standing in his name, Samuel Hazard, and six other persons named in the proceedings, who the inspectors certified were duly elected, would not have been elected, but seven other persons, for whom Jacob Barker offered to vote, would have been elected in their stead; or had he been permitted to vote only on the 35 shares held by him as *trustee*, the effect would have been to have given a majority of votes to *four* individuals, who were voted for at the election as directors, and who were not returned as elected over Samuel Hazard and five other persons, who had an equal number of votes, and who were returned duly elected. The objection to Barker's voting on the 1255 shares was, that they were hypothecated to the company to their full value. The company was incorporated in 1818. This case also presented the question whether an *alien* stockholder of this company has the right to vote by proxy; such vote having been offered, and rejected by the inspectors. The case was argued, by

*Jacob Barker*, in *pro. per.* for the motion.

*W. H. Bulkley*, contra.

<span style="float:right">January, 29.</span>

ALBANY,
Jan. 1831.

In the matter
of Barker.

*By the Court,* SAVAGE, Ch. J. In the case *Ex parte Holmes,* 5 *Cowen,* 426, we set aside an election of directors of an insurance company, because a *trustee* had been allowed to vote upon stock belonging to the company ; not because a *trustee* had been permitted to vote instead of the *cestui que trust,* but for the reason that the stock in that case could not be voted upon, it being the property of the company, controlled by its officers ; and we held, that neither within the meaning of the charter of the company, nor of the act under which the proceedings were had, could it be tolerated, that the officers of a monied institution should wield such stock, however obtained, to control the result of an election of directors. Such is the principle settled by that case, and what was said in relation to the rights of a *trustee* or *cestui que trust* to vote on stock, standing in the name of the *trustee,* either generally or specially, in his representative character, was said in reference to the peculiar circumstances of the case. The court never could have doubted the right of a person to vote upon stock standing in his name, although held by him in trust for another ; the legal estate is in him, and until divested by assignment, either voluntary or compulsory, he is the only person entitled to vote. Indeed, the case *Ex parte Holmes,* admits that if the stock stands in the name of the trustee without expressing any trust, he has the right to vote. Jacob Barker, therefore, was entitled to vote upon the 35 shares holden by him as the trustee of his minor children.

He was also entitled to vote upon the 1255 shares standing in his name in his own right, although they were hypothecated to their full value. So was the decision of the court in *Ex parte Willcocks,* 7 *Cowen,* 402, where we held, that until the pledge was enforced and the title made absolute in the pledgee, and the names changed on the books, the pledgor should be permitted to vote. The restriction in the revised statutes, that hypothecated stock shall not be voted upon, applies only to corporations created, renewed, or extended, subsequent to 1st January, 1828 ; the Mercantile Insurance Company was created long previous to that date.

A rule must therefore be entered declaring null and void the election of Samuel Hazard and the six other persons

who would have had a minority of votes, had the vote of Jacob Barker been allowed ; and that Wm. Israel and the six other persons for whom Jacob Barker offered to vote, and who would have had a majority of the votes, had the vote of Jacob Barker been received, are duly elected directors of the company.

Although not necessary to the decision of the case now presented, it is deemed proper to express an opinion on a point raised on the argument. A vote was offered by the attorney of an *alien,* and rejected by the inspectors. In this the inspectors decided correctly. The right to vote is regulated by the act of incorporation, which provides that each stockholder personally present shall be allowed to vote on the stock standing in his name, and that each stockholder being a *citizen* of the United States may vote by *proxy.* The right to vote by proxy is given only to *citizens.* This is the enactment of the legislature, and no doubt made for wise purposes.