THE MECHANICS AND WORKING MEN'S MUTUAL SAVINGS BANK AND BUILDING ASSOCIATION OF NEW HAVEN *vs.* THE MERIDEN AGENCY COMPANY.

A joint stock corporation, organized, as expressed in their articles of association, " to do a general insurance agency, commission and brokerage business, and such other things as are incidental to, and necessary in, the management of that business," has no power to subscribe to the stock of a savings bank and building association.

A joint stock corporation, organized as aforesaid, in order to effect a loan of the plaintiffs, who were a savings bank and building association, subscribed for fifty shares of the stock of said association, who paid such corporation one-half of the amount of such loan, after reserving therefrom one month's interest, and one month's bonus of three-fourths of one per cent. on the amount of the loan, and one installment on the stock.   The plaintiffs afterward advanced said corporation $5,000, the remainder of the loan, and said corporation paid the plaintiffs another month's interest and $125 bonus, and executed their promissory note for $10,000, payable on demand, with interest, and with a bonus of three-fourths of one per cent. per month, in addition to the interest, both interest and bonus payable monthly, in advance, and to secure the payment of such note, mortgaged certain real estate to the plaintiffs.   On a bill brought to foreclose said mortgage, it was held ; 1. That such subscription for stock was void, and that so much of said note, as embraced the money retained for the installment paid on said stock, was without consideration.   2. That, as said loan was made to a party, who was not a member of said association, at a rate of interest exceeding six per cent. per annum, the contract was usurious. 3. That the amount of all the payments, made as aforesaid by the defendants to the plaintiffs, should be deducted from the principal sum specified in said note, and a decree of foreclosure be passed, in favor of the plaintiffs, for the remainder.

THIS was a bill to foreclose mortgaged premises. The cause came on for hearing before the superior court for New Haven county, at the October term, 1854, when that court made a finding of the facts, and reserved the case for the advice of this court.

The material facts, upon which the opinion of the court is founded, are the following.

The plaintiffs were organized in the manner, and with the powers, stated in the preceding case, in their favor, against Wilcox and others. The defendants were a joint stock corporation, organized under, and pursuant to, the statutes relating to such corporations, and were located at Meriden, in New Haven county. By their articles of association, they were to do business as insurance agents, commission merchants, and brokers; to do a general insurance agency, commission and brokerage business; to buy, sell and deal in all articles, necessary and convenient for the prosecution of said business, and generally to do all things incidental to said business, and necessary to the management of the same.

The agency company, by Curtis L. North, their president, professing to act for, and in behalf of the company, on or about September 15, 1853, negotiated a loan of the plaintiffs of ten thousand dollars, and, in order to effectuate the loan, subscribed for fifty shares of the plaintiffs' stock, in order to become a stockholder of the association, such subscription being required as a condition for granting the loan. The loan was bid off by the defendants, in accordance with the constitution and by-laws of the association, and between the fifth and tenth of October, the plaintiffs paid the defendants one half of the loan, reserving

$25.00  one month's interest in advance.
37.50  one month's bonus, three fourths of one per cent.
50.00  one month's installment on stock subscribed.
.75  for mortgage, procured to be drawn by plaintiffs.

$113.25 leaving $4,886.75 net proceeds.

The balance of the loan, $5,000, was paid to the ·defendants on the 19th of October, making the whole amount paid, $9,886.75. The defendants afterward paid to the plaintiffs, one month's interest, and bonus of $125, and nothing more.

For the loan thus obtained, the agency company gave the plaintiffs their note, dated September 15th, 1853, for the sum of ten thousand dollars, payable on demand, with interest, and a bonus of three fourths of one per cent. per month, in addition to the interest, both interest and bonus payable monthly, in advance, at the banking-house of the association; and to secure the payment of the note, with its interest and bonus, a mortgage deed of certain real estate was executed and delivered to the plaintiffs. The value of the real estate mortgaged, at the time of the loan was $4,500, and at the time of the hearing, $4,000.

The agency company, at the time of the loan, was insolvent, and became openly so, on the 19th of November following; but there was no evidence that the plaintiffs had any knowledge of the condition of the company, at the time of the loan. All the money thus obtained was, by the proper officers, applied to the use of the company.

There were other facts embraced in the finding, having reference to other parts of the case, and, in particular, relative to the validity of the mortgage deed, and the admissibility of a deposition offered by the plaintiffs, but as those matters were not deemed material in the final disposition of the case, and no opinion upon them was expressed by the court, a detailed statement becomes unnecessary.

*C. Ives* and *Blackman*, for the plaintiffs.

1. The defendants were competent to borrow the money and to give their note therefor. Angell and Ames, on Corporations, 234, and numerous authorities there cited in note 3.

2. The loan was rightfully made on the part of the defendants, and the security given by the authority of, and under

the direction of, the directors of the agency company.   Rev. Stat., 227, § 200.

*Baldwin, Platt, Wright* and *Doolittle*, for the defendants.

I. Neither the plaintiffs nor the defendants had power to make this contract, and hence it is void.

The association had not the power.   The preamble to the constitution of this association declares the objects and purposes of its formation, and it is manifest that the association did not contemplate another corporation becoming a member thereof.   Their constitution, Art. II., provides that "any person, being twenty-one years of age, may become a member by subscribing the constitution with his signature," &c.   This means natural and not artificial persons. It contemplates savings, by a combination of labor with capital, being applicable to a natural person only.   The act of 1850, authorizing the formation of the association, did not authorize a joinder of stocks or consolidation of funds, with another corporation.   *New York and Sharon &c. Canal Co.* v. *Fulton Bank,* 7 Wend., 412.

It was necessary that the Meriden agency company should become a member, in order to effect a loan with bonus. There was no authority, by any vote either of the stockholders, or of the directors of the Meriden agency company, given to their president, to sign the constitution and make the loan. If their president had no authority to bind the agency company by his subscription, thereby becoming a member, or if the association had no authority to receive the subscription of another corporation, the contract making a loan with a bonus is void.

II. The Meriden agency company had no power to make this contract.   The Rev. Stat., 226, prescribes that a joint stock corporation shall not direct its operations, or appropriate its funds to any other purpose, than that distinctly specified by the stockholders in their articles of association.

This corporation had no powers except those specified in

its articles of association. It was organized with a capital of $100,000, to do an agency business, to act as the agents of other parties as insurance agents, commission merchants and brokers.

Their articles of association did not contemplate the employment of the capital stock in advancing funds as insurance agents, commission merchants or brokers, as being the purposes to which the statute confines their operations. The subscription to the capital stock of another corporation, for the purpose of receiving profits on the stock, or for the purpose of borrowing money at the ruinous bonus of forty-three per cent. discount, was an " operation," not contemplated, or authorized, by the stockholders, in their articles of association.

III. The contract, as it provides for the payment of a bonus with a *continuando*, is in violation of the statute; is unauthorized, and therefore void. *Philadelphia Loan Co.* v. *Towner*, 13 Conn. R., 249.

WAITE, C. J. The contract, in the present case, is substantially the same as that in the preceding one, in favor of these plaintiffs against Wilcox and others, and, for the reasons there assigned, was unauthorized by the statute, under which the plaintiffs were organized and acted, and consequently usurious. The decision in that case governs the present, so far as the power of the plaintiffs to contract is concerned. But there are other questions involved in this case, not embraced in the other, which require a brief consideration.

The first is, whether the defendants, being a joint stock corporation, organized for a specific purpose, had power to become a stockholder in the association of the plaintiffs. The purpose for which the agency company united, as expressed in their articles of association, was to do a general insurance agency, commission, and brokerage business, and such other things as were incidental to, and necessary in the

management of that business. So far as that business was concerned, the proper officers of the company had power to act, and bind the company. But if they departed from that business, and entered into contracts not authorized by the company, such contracts would not be binding.

A subscription to the stock of a building association, has no legitimate connection with the business of an insurance agent, commission merchant, or broker, and was not therefore authorized by the defendants' articles of association. It is said that the defendants had power to borrow money, mortgage their real estate for its security, and, if necessary, to obtain a loan, as in this case, become a stockholder in a building association. We are not disposed to question the right of the defendants to borrow money, and mortgage their real estate for its security. This may be one of the powers incidental to, and necessary in, the prosecution of their business, and the successful management of the same. We are inclined to think the power is implied in their articles of association.

But when the directors of the company subscribed for stock in a building association, whatever may have been their motive, whether to obtain a loan of money, or for purposes of speculation, they transcended the powers conferred upon them, and departed from the legitimate business of the company, as much so, as if they had subscribed for stock in a manufacturing or steamboat company. Such subscription, in our opinion, is not binding upon the defendants, and any payments, made upon it to the plaintiffs, would be money received by them without consideration.

In the present case, however, no money has been paid by the defendants upon such subscription. The amount of one month's installment was, by the plaintiffs, retained out of the loan made to the defendants. That part of the note, which embraced the money so retained, is without consideration.

If the subscription for stock was void, as we are of opinion that it was, then the defendants never legally became stock-

holders of the association, and consequently the plaintiffs had no power to make a loan to them, for any bonus whatever. The statute authorizes the receipt of a bonus, only upon a loan to a member of the association. No more than legal interest can be taken upon a loan to any other person. As the loan in this case was made upon an agreement to pay fifteen per cent. per annum, for the use of it, it is clearly usurious, if made to a party, not a member of the association.

Our advice, therefore, to the superior court is, that they deduct from the amount, actually received from the plaintiffs by the defendants, the sum by them paid upon the note, and pass a decree in favor of the plaintiffs, for the balance only, without interest.

In this opinion, the other judges, STORRS and HINMAN, concurred.

Decree accordingly.