EDWARD S. VAIL, RECEIVER OF THE SECOR SEWING MACHINE COMPANY, RESPONDENT, *v.* RICHARD HAMILTON AND SEYMOUR A. BUNCE, APPELLANTS.

*Manufacturing company — pledged stock — consent to the giving of a mortgage — A receiver may set aside a mortgage on the ground that the assent of the requisite number of stockholders was not given thereto.*

A receiver of a manufacturing corporation, appointed upon the application of a creditor, who has recovered a judgment against it and had an execution issued thereon returned unsatisfied, may maintain an action to set aside a mortgage executed by the company, on the ground that the written assent of the stockholders owning at least two-thirds of its capital stock had not been first procured.

Where the corporation has become the owner of certain shares of its own stock, and has thereafter transferred them to secure a loan made to it, and has delivered the certificates thereof and transferred the stock on its books to the lender, it cannot, while such shares are so pledged, assume to sign, as the owner thereof, the written assent to the execution of a mortgage required by the statute.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*F. A. Paddock*, for the appellants.

*H. E. Davies, Jr.*, and *G. Irvine Whitehead*, for the respondent.

POTTER, J.:

This is an appeal from a judgment at Special Term declaring a mortgage, purporting to have been executed by the Secor Sewing Machine Company, incorporated under the act of March 17, 1848, and its amendments, to the defendants as trustees, void and without effect as against the plaintiff as receiver.

The plaintiff was appointed receiver upon the application of a creditor, upon whose judgment against the corporation an execution had been returned unsatisfied pursuant to section 36 of part 3, chapter 8, title 4, article 2 of the Revised Statutes. (2 Revised Statutes, 462, 463.)

The ground of the action is, that the mortgage is illegal and void in not having had " the written assent of the stockholders owning at least two-thirds of the capital stock of the corporation " to its execution pursuant to section 2 of the act under which it was incorporated, as amended by the act of 1871, chapter 481.

That question, and whether the plaintiff as such receiver can maintain this action to set aside the mortgage upon that ground, are the questions presented upon this appeal.

As appears from the case no question was raised in the court below in relation to the right of the plaintiff as receiver to maintain this action. Passing the question of the defendants' right to raise that question for the first time upon this appeal, we can entertain but little, if any, doubt that the receiver had the power to bring this action. The powers of receivers of insolvent corporations are specified and defined by sections 67, 68, of part 3, chapter 8, title 4, article 3 of the Revised Statutes, and are further enlarged by the act of April 17, Laws of 1858, chapter 314.

By virtue of this latter act, receivers of insolvent corporations may, for the benefit of creditors, or others interested in the property held in trust, disaffirm, treat as void, and resist all acts done,

transfers and agreements made, in fraud of the rights of any creditor, including themselves, etc.

The theory, upon which the action is brought, is that the corporation executed a mortgage upon its property without authority, the effect of which was to give some of its creditors a preference and security for the payment of their debts over the debts of other creditors. If such illegal and unauthorized transfer was allowed to stand, it would occasion delay and embarrassment, if not actual loss to the creditors not provided for in the mortgage or transfer.

Every illegal transfer of property to secure one creditor at the expense, or to the detriment of another, is in fraud of the rights of the latter. It is by reason of such consequences that conveyances and transfers of property in numberless instances are declared fraudulent. The receiver represents *all* the stockholders and creditors of the corporation, and it is as much his duty to set aside illegal and fraudulent transfers made by the company in fraud of some of its creditors to other of its creditors, as when made in fraud of all its creditors to those who are not its creditors. We think the receiver had this power to bring this action at common law. (*Osgood* v. *Laytin*, 48 Barb., 463.) But, with the enabling provisions of the statute of 1858, we think there can be no doubt that the action was well brought.

We come now to the consideration of the question decided by the court below, whether the mortgage in question was authorized and executed pursuant to the provisions of the act of March 17, 1848 (chap. 40), in relation to manufacturing, and mining corporations. By section 2 of that act, as originally passed, such corporations may purchase, hold and convey both real and personal property, but shall not mortgage the same nor give any lien thereon.

This section was amended in 1864 (chap. 517) and 1871 (chap. 481), so as to authorize a mortgage of the property of this class of corporations upon a certain precedent condition, viz. : that the written assent of the stockholders, owning at least two-thirds of the capital stock of such corporations, shall first be filed in the office of the clerk of the county where the mortgaged property is situated.

The stock of the Secor Machine Company was divided into 5,000 shares ; all of the stock had been once issued, but 940 shares had been surrendered to or been purchased by the corporation.

Of this 940 shares the corporation had transferred to T. A. Conkling 500 shares, as security for a loan made by him to the company, and delivered him the certificates therefor, certifying that he was the proprietor thereof, and the same was duly recorded upon the books of said company.

The company assumed to sign, by its president and secretary, the assent, in behalf of· this 500 shares of stock, to the giving of this mortgage. If the corporation had not the right to sign the same, then the assent of two-thirds of the owners of the stock was not obtained and the mortgage would be unauthorized.

It was held in the *Green Point Sugar Company* v. *Whitin* (69 N. Y., 328) that the amount of stock actually issued and owned is to be regarded as the capital stock, and not the nominal amount specified in the articles of the association. In that case but 2,000 of the 2,500 shares of the nominal capital stock had been issued and the 500 unissued shares were not taken into the account in ascertaining and procuring the assent of the owners of two-thirds of the stock.

The court say in that case, " only 2,000 shares had been actually issued and only that number was then owned." In this case the 500 shares had been issued, but had again come back in some manner to the corporation. Now does the corporation sustain any different relation to these 500 shares of stock which had come back to it than it did before it issued them ? The corporation could sell or make the same disposition of them after their return to the corporation, as it could before they were issued by the corporation.

Can it be said in any exact and proper legal sense that a corporation is one of its own stockholders ? It would lead to some singular and anomalous results. For instance, the stockholders of a corporation are made jointly and severally liable for the debts of the corporation in certain contingencies. Can a joint action be maintained against the corporation and individual stockholders, especially in that class of cases, where the creditor must first sue the corporation and have an execution upon the judgment against it returned unsatisfied before he can sue the individual stockholder at all ?

But if it is conceded that a corporation may be one of the owners

of its own stock, the corporation had transferred this identical 500 shares of its stock on behalf of which it assumed to assent, and the same stood in the name of Mr. Conklin when the assent was signed and filed. There are well established general principles in relation to corporations and their stockholders that stock owned by, or under the immediate control of the corporation cannot be voted upon by the corporation (*Ex parte Barker*, 6 Wend., 509; *Ex parte Desdoity*, 1 id., 99; *State ex rel. Page* v. *Smith*, 48 Vt., 266; *Am. Railway-Frog Co.* v. *Haven*, 101 Mass., 398); and that the person in whose name the stocks stand upon the transfer books of the corporation is made liable to the creditors of the corporation in certain contingencies, and has the right to vote upon the stock (*Adderly* v. *Storm*, 6 Hill, 624; *Worrall* v. *Judson*, 5 Barb., 210; *Matter of Empire City Bank*, 18 N. Y., 199); but it is urged, upon the part of the appellant, that these principles have been changed by the provisions sixteen and seventeen of the act in question, which declare that the *pledgees* of stock shall be liable as stockholders, and may represent the same at the meetings of the corporations and vote as stockholders.

Effect should not be given to language changing a law, beyond the subject or limitation expressed by the language employed to make the change. The language used to indicate this change is somewhat significant. It is that " every person who shall pledge his stock, may, nevertheless, represent the same at the meetings and vote accordingly as a stockholder. This language has application to an individual owing stock and should not be construed to embrace the corporation which, as we have seen, cannot vote upon the stock it may own or, more properly speaking, have an equitable title to the proceeds of.

Besides, the language used relates to representation, and voting upon the stock of the *pledgor* at the *meetings* of the stockholders. The assent of the owners of the stock of the company to the giving of a mortgage is not, by the terms of the statute to be given, at a meeting, or by any vote of the stockholders at a meeting. It is to be the separate and individual signature to the written assent of the consenting stockholder, and may be obtained from the stockholders generally, and upon as many pieces of paper as there are assenting stockholders.

If a mortgage, given under the circumstances of the one under consideration, is valid, it may be made the instrument of the grossest fraud. By this means the corporation may first pledge its stock to a person for a loan of money, and immediately after, upon the strength and faith of the very stock pledged, assent to a mortgage to another more favored creditor upon all its property, which must first be applied to the payment of the mortgage before there will be any value or security to the pledgee of the stock.

We think the judgment should be affirmed, with costs.

DAVIS, P. J., and BARRETT, J., concurred.

Judgment affirmed.