Boynton, J.
We are met at the threshold of the case with the inquiry, whether an action will lie in favor of the plaintiff against the defendant for refusing to transfer, on the books of the defendant, to the name of the plaintiff, thé two hundred shares of the capital stock of the defendant, represented by the certificate issued to Foote, and by him pledged to the plaintiff as security for the loan obtained. Such refusal to so transfer said stock, and an alleged consequent conversion of the same by the. defendant, constitute the gravamen of the plaintiff’s action. The 12th section of the act under which the two corporations were organized and from which they derived their powers, ex-. pressly provided, that no banking company organized under its provisions should be the holder or purchaser of any portion of its capital stock or of the capital stock of any other incorporated company, unless such purchase should be necessary to prevent loss upon a debt previously contracted in good faith, on security which, at the time, was deemed adequate to insure the payment of such debt, independent of any lien upon such stock. 1 S. & <C. 170, § 12. And by section 29 it was provided, that all the rights, privileges and franchises which the company derived from the act should be forfeited, if the directors of the company should knowingly violate, or permit any of the officers or agents of the • company to violate, any of the provisions of the act. That the stock in the present case was pledged or received to secure a precedent loan is not claimed.
There vrould seem to be little doubt, either upon principle or authority, and independently of express statutory prohibition. *355 -of the same, that one corporation cannot become the owner of ■any portion of the capital stock of another corporation, unless authority to become such is clearly conferred by statute. Mutual Savings Bank, &c. v. Meriden Agency, 24 Conn. 159 ; Franklin Company v. Lewiston Savings Bank, 68 Me. 43 ; Central Railroad Company v. Collins, 40 Ga. 582; Sumner v. Marcy, 3 W. & M. 105. Were this not so, one corporation, by buying up the majority of the shares of the stock of another, ■could take the entire management of its business, however foreign such business might be to that which the corporation so purchasing said shares was created to carry on. A banking ■corporation could become the operator of a railroad, or cany •on the business of manufacturing, and any other corporation ■could engage in banking by obtaining the control of the bank’s stock. Nor would this result follow any the less certainly, if ■the shares of stock were received in pledge only, to secure the payment of a debt, provided the shares were transferred on the books of the company to the name of the pledgee. A person in whose name the stock of the corporation stands on the books ■of the corporation, is, as to the corporation, a stock-holder, and has the right to vote upon the stock. State ex rel. White v. Ferris, 42 Conn. 560; Exp. Willcocks, 1 Cow. 402; In re Barker, 6 Wend. 509; Hoppin v. Buffum, 9 R. I. 513; Field on Corp. § 69.
Hence, if the plaintiff appeared on the books of the defend-' ant as the transferee or owner of the two hundred shares of stock represented by the certificate to Foote, it would have the right to vote upon the stock at all meetings of the stockholders of the defendant; and it would only be necessary for it to procure in pledge, as security for money loaned, a majority of the ■shares of the capital stock of the Commercial Bank, in order to obtain full control of its affairs, and take charge of its banking operations. This would not only be exercising powers granted to the plaintiff neither expressly nor by implication, but those ■which are clearly opposed to the manifest spirit and intent, if not to the language, of the statute. This court has uniformly adhered to the doctrine announced in Straus v. Eagle Ins. Co., 5 Ohio St. 59, that corporations have such powers, and *356 such only, as the act creating them confers; and are confined to the exercise of those expressly granted, and such incidental powers as are necessary to carry into effect those specifically conferred. Bank of Buffalo v. Toledo F. & M. Ins. Co., 12 Ohio St. 601. This principle has recently been, most emphatically asserted, both by the supreme court of the United States in Thomas v. Railroad Co., 101 U. S. 71, and by the House of Lords in Ashbury Railroad Carriage and Iron Co. v. Riche, L. R. 7 H. L. 653. It was claimed in argument in both of these cases, that a corporate body may do any act which is not either expressly or impliedly prohibited by its charter; although it was conceded, that a stockholder might enjoin the act where it was not authorized, either expressly or by implication, and that the state, by proper process and proceedings, might forfeit the charter. But it was held in the first case, that the powers of a corporation organized under a legislative enactment, are such only as the statute confers, and. that the enumeration of them implies the exclusion of all others.. And by the second case, that the contract sued on, being of a. nature not included in the Memorandum of Association, was. ultra vires, not only of the directors, but of the whole company, and which the whole body of shareholders was incapable of ratifying.
Notwithstanding the rule thus prevailing, the act under which both the plaintiff and defendant were organized, did not leave-the right or power of the plaintiff to acquire the title to shares-of stock in another corporation, to be determined alone upon, the principle of construction which the ride above stated adopted. The right to deal in shares of stock in other corporations is not only not found among the enumerated powers-which the act confers upon banks organized under its provisions, but the power, in language of the most undoubted import,, is denied, and its exercise expressly prohibited. It therefore-follows that the refusal of the defendant to permit the transfer upon its books to the plaintiff of the two hundred shares of its stock, violated no right of the plaintiff, and consequently created no liability on the part of the defendant. Such refusal did not amount to a conversion of the stock
*357 Its action in refusing the transfer was but the denial of any right by the plaintiff to bo placed in a position to interfere and participate in the control and management of its internal affairs. To the claim of the plaintiff, that it was the duty of the •defendant to make the transfer, when the same was demanded, •and leave the state to impose the penalty of forfeiture on the plaintiff for a violation of its charter, we do not assent. The cases of Union National Bank v. Matthews, 98 U. S. 621, and Jones v. Guaranty and Indemnity Co., 101 U. S. 622, and the cases therein cited, do not support such proposition. 'The principle of those cases is, that where a corporation is incompetent by its charter to take a title to real estate, a conveyance to it is not void; but voidable only, and that the sovereign ■alone can object. That the conveyance is valid until assailed in •a direct proceeding instituted for that purpose. But they neither, by the principle maintained, nor by the reasoning advanced in support of it, sanction the doctrine that one corporation may buy up the stock of another, and thereby enable itself ■to interfere with the internal management of its affairs, especially where the power to do so is expressly prohibited by its •charter.
In our opinion the petition stated no cause of action against the defendant, and hence laid no foundation for a judgment in favor of the plaintiff. That the plaintiff may have
rights by the pledge received from Foote, to such interest in the bank as said certificate of stock represented, is quite true. But what that interest is, if any, we cannot in the present case •determine.

Judgmemt affi/rmed.