IN THE MATTER OF THE ALLEGED ELECTION OF DIRECTORS AND OFFICERS OF THE ROCHESTER DISTRICT TELEGRAPH COMPANY.

*Meeting of stockholders of a corporation — right of each to one vote for each share of stock held by him — 2 R. S. (7th ed.), 1535, § 6.*

At the annual meeting of the stockholders of a telegraph company, formed under chapter 265 of 1848, an injunction was served upon the president and others restraining them from voting upon 2,560 shares of stock recently issued by the board of directors. A motion to adjourn received the affirmative vote of seven stockholders present and holding 1,724 of the original shares, and the negative vote of five stockholders present and holding 4,275 of said shares. The seven stockholders having left the room the five stockholders elected a board of directors. Neither the certificate of incorporation nor the by-laws made any provision as to the manner of voting at stockholders' meetings.

*Held,* that the matter was regulated by section 6 of 2 Revised Statutes (7th ed.), 1535, by which each stockholder was entitled to one vote for each share of stock held by him.

That a motion by the dissenting stockholders to vacate the election was properly denied.

*Quære,* as to whether such decision would have been made if it had been shown that the injunction was procured and served, after the meeting had assembled, for the purpose of preventing the appellants from voting upon stock legally and properly issued to and owned by them.

APPEAL by the Western Union Telegraph Company and certain of the outgoing directors of the Rochester District Telegraph Company from an order of the Monroe Special Term denying a motion to vacate and declare void the election of directors and officers of the Rochester District Telegraph Company.

*R. E. White,* for Rochester District Telegraph Company, Western Union Telegraph Company and others, appellants.

*George F. Yeomans,* for the directors elected and for said company, respondent.

HAIGHT, J. :

The Rochester District Telegraph Company is a corporation organized under chapter 265 of the Laws of 1848, and the amendments thereto. An annual meeting of the stockholders of the corporation had been called for the 14th day of May, 1885, for

the purpose of electing directors and transacting such other business as should come before the meeting.   At the time and place noticed, the meeting was called to order by the president, and thereupon an injunction was served enjoining him and certain others from voting upon 2,560 shares of stock which had recently been issued by the board of directors of the company.   Thereupon a motion was made that the meeting adjourn to May 18, 1885, at two P. M.   A counter-motion was made to proceed to the election of inspectors of election, but the president ignored the motion and put the motion to adjourn. Thereupon the respondents requested the president to take the vote thereon by ballot of shares.   The president then called for the ayes upon the motion, and proceeded to call the roll of stockholders, allowing and recording one vote for each person responding and seven voted in the affirmative.   The respondents again objected to the vote being so taken and demanded that the vote be taken by shares; that upon the nays being called each of the respondents voted the number of shares held by him, each claiming to cast as many negative votes as he had shares of stock.   The president refused to receive the votes upon the basis of the stock held by the respondents, and recorded, against their protest, the vote as seven ayes and five nays and then declared the motion carried.   The respondents then openly protested against the adjournment as illegal . and asked the president to remain and proceed with the meeting and the election of directors.   The seven stockholders that voted for an adjournment then retired, and the five stockholders that voted against the adjournment remained and reorganized the meeting with the vice-president and elected a board of directors.   The seven stock-holders who voted in favor of an adjournment were the owners, or held proxies, of the original stock of the company to the number of 1,724 shares.   The five who voted against an adjournment were the owners of 4,275 shares of the stock.   Motion was made on behalf of the seven stockholders who voted for an adjournment to have the election of directors set aside, and from the order denying the motion this appeal was taken.

The regularity of the election of the board of directors depends upon the question as to whether or not the meeting was properly adjourned, and the regularity of the adjournment depends upon the question as to whether or not the stockholders had the right to vote

upon each share of stock owned by them. The certificate of incorporation and the by-laws of the company make no provision as to the manner of voting at a stockholders' meeting.

We shall assume that at common law the members of a corporation were each entitled to but one vote, and that the majority controlled the whole. (2 Kent's Com., 293; Morawitz Private Corporations, 360.)

It remains to be determined whether or not the rule has been changed by statute. It is provided that " no by-law of the directors and managers of any incorporated company, regulating the election of directors or officers of such company, shall be valid unless the same shall have been published for at least two weeks in some newspaper in the county where such election shall be held, at least thirty days before such election ; and in all cases where the right of voting upon any share or shares of the stock of any incorporated company of this State shall be questioned, it shall be the duty of the inspectors of the elections to require the transfer books of said company, as evidence of stock held in the said company ; and all such shares as may appear standing thereon in the name of any person or persons shall be voted on by such person or persons directly by themselves, or by proxy, subject to the provisions of the act of incorporation." (2 Revised Statutes [7th ed.], 1535.)

It is contended in the first place that this provision of the statute is only applicable in cases where the charter or by-laws of the corporation provides for the voting upon each share of stock, but such does not appear to us to be its meaning. The section referred to is a part of the general provisions of the statute in reference to incorporations. It will be observed that the words used are " any incorporated company." To be sure there are many incorporated companies that do not issue stock. In such companies no stock can be voted upon for the reason that none exists, and of necessity this section can only apply to stock companies.

In the case of *Ex parte Holmes* (5 Cow., 426, 434), a motion was made to set aside an election of a board of directors of the Tradesmen's Insurance Company. The court, after quoting the above statute, remarks : " There is nothing in the act of incorporation of the Tradesmen's Insurance Company which interferes to prevent the application of this provision (of the statute), and it is broad

enough, literally, to include all stockholders, whether in their own right or as mere trustees for others." (See, also, *In the Matter of Barker*, 6 Wend., 509.)

The case of *Taylor* v. *Griswold* (2 Green's R., 222) has no application, for the reason that the corporation was organized under the laws of New Jersey, in which State the question was controlled by the common law.

Again, it is contended that if it shall be held that the statute referred to applied to the election of directors, that it only applied to such election and had no bearing upon the question of an adjournment. The first subdivision of the section pertains to by-laws of the corporation, regulating the election of directors or officers, and for the publication of notices, etc. The second subdivision then provides that, "in all cases where the right of voting upon any share or shares of stock shall be questioned," etc. The word "voting" is not qualified or limited to voting at an election of directors or officers, and, we think, it ought not to be so limited.

In the case of *Taylor* v. *Griswold* (*supra*), at page 237, it is said that "the right to a plurality of votes, if it exists at all, extends to every subject that may be discussed and every resolution that may be submitted at any meeting of the stockholders." This must, of necessity, be so, otherwise the statute would be nullified. The appellants being in the majority, could, at every meeting called for an election of directors, pass a resolution to adjourn the meeting and indefinitely continue the old board in office, and prevent the respondents from holding the election, although they owned nearly three times the amount of stock. Such does not appear to us to be the logical or rational construction of the statute.

It appeared that as this meeting assembled an injunction was served restraining some of the appellants from voting upon certain stock. The practice of procuring an injunction and serving it after the meeting had assembled is not to be commended and should only be tolerated in cases where the right thereto is clearly established. Motion has been made to the Special Term to vacate the same and has been refused; no appeal from that order is now before us. We must, therefore, for the purposes of this motion, assume that the injunction order was properly granted. Had it been made to appear that the injunction order was procured for the purpose of preventing the

176 PEOPLE ex rel. NEW YORK, ETC., R. R. CO. v. LOW.

FIFTH DEPARTMENT, MARCH TERM, 1886.

appellants from voting upon stock legally and properly issued to and owned by them, a very different question would have been presented.

The order should be affirmed, with costs.

BRADLEY, J., concurred; BARKER, J., [concurred in the result; SMITH, P. J., not sitting.

Order affirmed, with costs.