### BRACKLEE CO. v. O'CONNOR.

(Supreme Court, Special Term, New York County.   April 12, 1910.)

1. BANKRUPTCY (§ 438*)—COMPOSITION—CONFIRMATION—EFFECT.
      Under Bankruptcy Act July 1, 1898, c. 541, § 70f, 30 Stat. 566 (U. S. ·Comp. St. 1901, p. 3452), providing that on the confirmation of a composition offered ·by a bankrupt the title to his property shall revest in him, and section 21g, providing that a certified copy of an order confirming a composition is evidence of the revesting of such title, title to all the bankrupt's property revests in him on the confirmation of the composition agreement without any further act by the trustee or the court.
      [Ed. Note.—For other. cases, see Bankruptcy, Cent. Dig. § 626;   Dec. Dig. § 438.*]

2. BANKRUPTCY (§ 151*)—TITLE OF TRUSTEE.
      Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), discloses an intent to vest title in the trustee on his appointment to all the bankrupt's nonexempt property, but only for the purpose of distribution to the creditors.
      [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 193, 239;   Dec. Dig. § 151.*]

3. BANKRUPTCY (§ 438*)—COMPOSITION—CONFIRMATION—EFFECT.
      Under Bankruptcy Act July 1, 1898, c. 541, § 12b, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3427), providing that before confirmation of a composition the bankrupt must deposit, subject to the order of the judge, the consideration to be paid by the bankrupt to his creditors, etc., and sections 21g and 70f, providing that on the confirmation of a composition the title to the property shall revest in the bankrupt, the confirmation of a composition operates to vest the title in the bankrupt, not only to the property previously belonging to him, but to all·rights which accrued to

---

*For other cases·see same topic & § NUMBER in Dec. & Am. Digs.·1907 to date, & Rep'r Indexes

the trustee, and a lease executed by the trustee inures to the benefit of the bankrupt, though the trustee has not been discharged.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 626; Dec. Dig. §l 438.*]

4. BANKRUPTCY (§ 438*)—LEASE BY TRUSTEE—OBLIGATION OF LESSEE.

Where a lessee in a lease executed by the trustee of a bankrupt did not pay rent to the trustee, he was bound to pay rent to the assignee of the bankrupt, though he had no notice of the revesting of the title to the property in the bankrupt on the confirmation of a composition offered by him.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 626; Dec. Dig. § 438.*]

5. LANDLORD AND TENANT (§ 230*)—RENT —ACTION FOR—COMPLAINT—SUFFICIENCY.

Where, in an action for rent, due under a lease executed by a trustee in bankruptcy, brought by an assignee of the bankrupt, title to the bankrupt's property having revested in him on confirmation of a composition, the complaint alleged due performance by the trustee, the complaint was not defective for failing to allege that the assignee duly performed the conditions of the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 908; Dec. Dig. § 230.*]

6. LANDLORD AND TENANT (§ 160*)—PREMISES—ACTION AGAINST TENANT—INJURY TO PROPERTY.

A complaint, in an action against a tenant, which alleges that he negligently damaged and injured, or permitted to be damaged and injured, enumerated property, is good, though it does not allege the condition of the property when delivered to him.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 623; Dec. Dig. § 160.*]

Action by the Bracklee Company against John O'Connor. Demurrer to amended complaint overruled.

William A. Ferguson, for demurrer.
John C. Thomson, opposed.

LEHMAN, J.   The plaintiff's cause of action is based upon a lease of a dredging plant made by a bankrupt's trustee in bankruptcy with the defendant. The complaint sets forth the original ownership of the plant by James M. Briggs; the bankruptcy of Briggs; the vesting of title to the plant, by reason of the bankruptcy, in Miner, his trustee in bankruptcy; the lease by Miner as trustee to the defendant and the delivery of the plant by the said trustee to the defendant; the due performance by the said trustee of all the conditions to be performed by him and the nonpayment of the rent by the defendant; the entry of an order confirming a composition offered by the bankrupt, the distribution of the composition, and the consequent vesting of title in the bankrupt of the leased plant and of the debt and demand accruing to the trustee under the lease; and the subsequent assignment by the bankrupt to the plaintiff of the cause of action. The defendant demurs to this complaint on the ground that, since there is no allegation of an assignment by the trustee to the bankrupt and no allegation that the trustee has been discharged or the bankruptcy proceedings dismissed, there is nothing to show that the rights under the contract which ac-

crued to the trustee ever vested in the bankrupt and through him in the plaintiff.

The bankruptcy law (Act Cong. July 1, 1898, c. 541, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3451]) provides, in section 70f:

"Upon the confirmation of a composition offered by a bankrupt, the title to his property shall thereupon revest in him."

And in section 21g:

"A certified copy of an order confirming a composition shall constitute evidence of the revesting of the title of his property in the bankrupt. * * *"

These sections clearly provide for the revesting of title to all his property in the bankrupt upon the confirmation of the composition agreement without any further act by the trustee or by the court. The defendant, however, claims that this does not transfer any rights to the contract which was made by the trustee and never was part of the bankrupt's property, and that all rights originally accruing to the trustee remain the trustee's until his discharge. I do not think that the bankruptcy law is open to this construction. An examination of the various sections, it seems to me, discloses an intent to vest title in the trustee upon his appointment to all the bankrupt's property, except property exempted or not transferable by the bankrupt, but only for the purpose of distribution to the creditors; and since before the confirmation of the composition the bankrupt must deposit subject to the order of the judge "the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts which have priority and the cost of the proceedings" (section 12b), the amount so deposited takes the place of the bankrupt's estate, and the entire estate, its accretions, and proceeds revest in the bankrupt. By force of the confirmation of the composition the bankrupt obtains title not only to the dredge which was previously his, but to all the rights under the contract for the lease of the dredge. The whole intent of the composition is to place in the bankrupt's hands all the assets which the trustee has held for the benefit of the creditors and which form part of the bankrupt's estate, whether they belonged originally to the bankrupt or accrued to the trustee. It is quite immaterial whether the trustee has or has not been discharged, for by the deposit of the consideration for the composition and the confirmation of the composition he has ceased to have any control of the bankrupt's estate, and even his fees are to be paid out of the amount deposited, and not out of the estate.

The other points raised by the defendant require little consideration. The contract was made with Miner, as trustee; therefore the defendant had notice of the bankruptcy proceedings. See, also, Bank v. Sherman, 101 U. S. 403, 406, 25 L. Ed. 866; Mueller v. Nugent, 184 U. S. 1, 14, 22 Sup. Ct. 269, 46 L. Ed. 405. Even if he had no notice of the revesting of title to the plant in the bankrupt, this would be immaterial unless he paid his rent to the trustee; but the complaint alleges that he has paid no rent to any one. Nor need the complaint allege that the plaintiff duly performed all the conditions of the contract, since it alleges due performance by the original obligor. The plaintiff's fourth cause of action is also good, because, while there is

no allegation as to the condition of the instruments when delivered to the defendant, it does allege that:

"The defendant negligently and carelessly damaged and injured, or permitted to be damaged or injured, the said dynamo, volt meter, and ampere meter by water or otherwise."

The demurrer must therefore be overruled. Settle judgment on notice.