State *ex rel.* White *v.* Ferris.

——◆◆◆——

STATE EX REL. JOSIAH J. WHITE AND ANOTHER *vs.* LINDLEY M. FERRIS, JR., AND OTHERS.

The person in whose name stock of a corporation stands upon the books of the corporation, is, as to the corporation, a stockholder, and has the right to vote upon the stock.

The provisions of the bankrupt act of the United States, which vest the property of a bankrupt in the assignee, and require him at the request of the assignee to execute all necessary conveyances and transfers, do not take away the right of the bankrupt to vote on stock still standing in his name.

Where a person has a right to vote on stock as a stockholder, he is also eligible to any office to which a stockholder is eligible.

Where a bankrupt in whose name such stock was standing, voted upon it with the assent of the assignee, it was held that the other stockholders had no interest in the question whether the strict right to vote was in the bankrupt or in the assignee.

INFORMATION in the nature of a quo warranto, brought to the Superior Court in Hartford County, by the Attorney for the State, at the relation of Josiah J. White and William H. Goodspeed, charging the respondents with having usurped sundry offices of a corporation.   The case was heard upon the information and the answer of the respondents, before *Martin*, *J.*   The court found the following facts.

The Hartford & Albany Transportation Company, on the 9th day of February, 1875, was and for some time previously had been, a corporation duly organized under the joint-stock laws of the state, and located in Hartford in this state.   The capital stock of the company is thirty thousand dollars,

divided into twelve hundred shares of twenty-five dollars each, of which the relators in the information own two hundred and ninety shares.

Prior to the 15th day of September, 1874, David C. Murray, Lindley M. Ferris, Jr., and Robert M. Ferris, all of the city of New York, were partners in business in that city under the name of Murray, Ferris & Co., and at said time owned, and had standing in their partnership name on the books of the company, five hundred and fifty-nine shares of the stock, and Lindley M. Ferris, Jr., owned, and had standing in his individual name on the books, five additional shares of the stock.

On the 15th of September, 1874, David C. Murray, Lindley M. Ferris, Jr., and Robert M. Ferris, both as partners in business, and as individuals, were adjudged bankrupts in the District Court of the United States for the Southern District of New York, and subsequently, on the 22d of October, 1874, Francis C. Bowman, of the city of New York, was appointed assignee of their joint and several estates, and thereupon on the 28th of October, 1874, all the estate, both real and personal, including the shares of stock in the Hartford & Albany Transportation Company, held and owned by the partnership and by its members, was assigned and conveyed in due form of law by the register in bankruptcy to Bowman, as such assignee.

Bowman had not, up to the 9th of February, 1875, demanded or obtained of or from the bankrupts any transfer to himself as assignee upon the books of the corporation of any of the stock, but said 559 shares stood on that day on the books of the corporation in the name of Murray, Ferris & Co., and said five shares in the name of Lindley M. Ferris, Jr.

The by-laws of the corporation relating to transfers of stock, in force at that time are as follows:

"5th. Certificates of ownership of stock in this corporation shall be signed by the president and secretary, and recorded in the books of said company."

"8th. Whenever any stockholder shall transfer his stock or any part thereof, the secretary of said corporation shall cancel the same on the book, record the said certificate issued,

and lodge a certificate of such transfer with the town clerk, according to law."

The annual meeting of the transportation company was duly warned and holden at Hartford on the 9th of February, 1874. Before the meeting L. M. Ferris, Jr., applied to Bowman, as assignee, for a power of attorney from him to authorize him to vote upon the 559 shares owned by the firm, and on the 6th of February, 1875, Bowman executed and delivered to him a power of attorney, signing it as assignee in bankruptcy of the firm, empowering the attorney to vote for him and in his name at the meeting of the corporation to be holden on the 9th of February, 1875, on the stock standing in the name of the firm on the books of the corporation; but the name of the attorney was not inserted in the power of attorney, but was left blank. This instrument was procured by L. M. Ferris, Jr., as an additional authority for voting on the stock standing in the name of the firm; but Bowman did not authorize him, or any other person, to fill the blank with the name of Lindley M. Ferris, Jr., nor was there any evidence tending to show that Bowman ever intended that the blank should be filled in any way.

L. M. Ferris, Jr., appeared at the annual meeting, and was nominated by George B. Mills, a clerk of Murray, Ferris & Co., and whose name appeared upon the books of the corporation as the owner of five shares of the stock, to be chairman of the stockholders' meeting, and was voted for to be such chairman by the other stockholders, but not by the relators, and was declared to be elected chairman, and presided over the meeting.

George B. Mills and William H. Chapin were appointed tellers, and thereupon the stockholders present proceeded to the election of directors of the corporation for the ensuing year. 1005 votes were cast, of which 695 were given for the following persons for directors, to wit: L. M. Ferris, Jr., Robert M. Ferris, George B. Mills, William H. Chapin, and Josiah J. White, and 310 votes were given for the following persons for directors, to wit: William H. Goodspeed, William R. Goodspeed, and Josiah J. White.

Of the 695 votes for Ferris, Jr., Ferris, Mills, Chapin and White, 559 were cast by L. M. Ferris, Jr., upon the stock which stood in the name of Murray, Ferris & Co., and five upon the stock which stood in his own name.

L. M. Ferris, Jr., did not present the power of attorney signed by Bowman, as assignee, to the meeting, or offer, or claim the right, to vote upon any of the stock by virtue of any authority given him by Bowman; but he cast said 559 votes upon the 559 shares of stock standing in the name of Murray, Ferris & Co., solely as a member of the firm of Murray, Ferris & Co., and in the sole right and interest of the firm, and cast the five votes upon the five shares of stock standing in his own name solely in his own individual right and interest.

Before the vote for directors was declared, Josiah J. White protested against the vote so cast by L. M. Ferris, Jr., being counted, on the ground that he and the firm of Murray, Ferris & Co. were bankrupts and were not then stockholders in the corporation. But L. M. Ferris, Jr., as chairman, admitted the votes, and declared himself, Robert M. Ferris, George B. Mills, William H. Chapin, and Josiah J. White, elected directors for the then ensuing year.

After the declaring of the votes Josiah J. White and William R. Goodspeed signed a written protest against the election as declared, and left it with the secretary of the company.

At the same meeting Joseph Merriman and William H. Chapin were by the same 695 votes elected auditors of accounts.

Afterwards, on the same day, L. M. Ferris, Jr., William H. Chapin, and George B. Mills, held a directors' meeting, and proceeded to elect officers for the ensuing year, and elected L. M. Ferris, Jr., president, William H. Chapin, treasurer, and Zephaniah Preston, secretary of the corporation.

William R. Goodspeed and Josiah J. White also held a directors' meeting on the same day, and elected Josiah J. White president and treasurer, and Zephaniah Preston secretary, for the then ensuing year.

Upon these facts the respondents claimed as a matter of law, and asked the court to hold, that L. M. Ferris, Jr., Robert M. Ferris, and David C. Murray, as partners under the name of Murray, Ferris & Co., were not deprived by the fact of their bankruptcy, or by the laws either of the United States or of this state, of their right to vote, at the meeting in question, upon said 559 shares of the stock of the corporation; but the court did not so hold, but held that they had no such right to vote.

The respondents further claimed, and asked the court to hold as matter of law, that L. M. Ferris, Jr., had full power under the power of attorney signed by Bowman, as assignee, to vote upon the stock standing in the name of the firm; but the court did not so hold, but held that, upon the facts found, he had no right to vote on said 559 shares. And the defendants further claimed as matter of law, and asked the court to hold, that L. M. Ferris, Jr., had the legal right, upon the facts, to vote upon the five shares standing in his individual name; but the court did not so hold, but held that he had no right to vote upon said five shares.

The court upon these facts passed judgment "that the said Lindley M. Ferris, Jr., Robert M. Ferris, George B. Mills, and William H. Chapin be ousted from the office of directors of the said Hartford & Albany Transportation Company; that the said Lindley M. Ferris, Jr., be ousted from the office of president of said corporation; that the said William H. Cha-. pin be ousted from the office of treasurer of said corporation; and that the said William H. Chapin and Joseph Merriman be ousted from the office of auditors of said corporation; and that the State recover of the respondents the costs of the suit."

The respondents moved for a new trial, for error in the rulings of the court, and also filed a motion in error.

*Stanton*, in support of the motion.

1. The books and records of a corporation determine who are stockholders and who have the right to vote. *Marlborough Manuf. Co.* v. *Smith*, 2 Conn., 583; *Northrop* v. *Newtown &*

*Bridgeport Turnpike Co.*, 3 id., 551; *Oxford Turnpike Co.* v. *Bunnell*, 6 id., 558; *Vansands* v. *Middlesex County Bank*, 26 id., 153; Gen. Statutes, Rev. of 1875, p. 279, secs. 8, 10. And it has been repeatedly decided in other states that the right of a party to be treated as a stockholder, and to vote, is to be determined by the books. *Fisher* v. *Essex Bank*, 5 Gray, 373; *Gilbert* v. *Manchester Iron Manf. Co.*, 11 Wend., 627; *Matter of Long Island R. R. Co.*, 19 id., 37; *Matter of Mohawk & Hudson River R. R. Co.*, id., 136; *Hoppin* v. *Buffum*, 9 R. Isl., 518. Nor does the fact that the holder has parted with his title or pledged his stock affect his right to vote upon stock standing in his name upon the books. *Ex parte Willcocks*, 7 Cowen, 402; *Matter of Barker*, 6 Wend., 509; *Vowell* v. *Thompson*, 3 Cranch C. C., 428; *Gilbert* v. *Manchester Iron Manuf. Co.*, 11 Wend., 629; Ang. & Ames on Corp., § 132.

2. Nothing in the bankrupt act of the United States conflicts with this proposition. Revised Statutes of U. States, secs. 5044, 5046. The act, in section 5051, provides that the bankrupt shall, at the request of the assignee, execute "instruments, deeds and writings," in order to transfer his rights to the assignee. This implies that until such a transfer is made, stock standing in the name of the bankrupt would be legally his property.

3. But the assignee expressly authorized us to vote upon these shares. Whether L. M. Ferris, Jr., actually voted by proxy or not, he had authority from the assignee to vote upon 559 shares and did vote upon them. But if the assignee makes no complaint, what right or interest have the relators in the matter? It was solely a question between the assignee and the respondents.

4. The court has rendered judgment that "a majority of the legal votes so cast for directors were given for Josiah J. White, William R. Goodspeed and William H. Goodspeed. But upon a quo warranto the court had no power to pass upon the relators' title to the office. The court can decide only as to the respondents' title. High on Extr. Legal Remedies, § 712; *People* v. *Miles*, 2 Mich., 348; *Matter of Long Island R. R. Co.*, 19 Wend., 37.

*A. P. Hyde,* contra.

The only question raised by the motion for a new trial and the motion in error is simply—had L. M. Ferris, Jr., a right to vote at the annual meeting of the stockholders of the Hartford & Albany Transportation Company, for the choice of officers, on the 559 shares of stock previously owned by Murray, Ferris & Co., and on the five shares of stock previously owned by himself, it being admitted that prior thereto Murray, Ferris & Co. and L. M. Ferris, Jr., had been adjudicated bankrupts, and that all their property had been duly assigned by the register in bankruptcy to Francis C. Bowman, assignee. In other words were L. M. Ferris, Jr., and the firm, stockholders of the corporation, for if they had ceased to be stockholders they of course had no right to vote for directors or other officers of the corporation; and in that case they were ineligible to the office of directors or president of the corporation, inasmuch as by statute directors must be chosen by the stockholders and must be stockholders, and the president must be a director and consequently a stockholder.

1. This question must be determined by the bankrupt law of the United States. Section 5044 of the Rev. Statutes of the U. States provides among other things that such an assignment " by operation of law shall vest the title to all such property and estate, both real and personal, in the assignee." And section 5046, after setting out what property and rights pass by the adjudication and assignment, further provides that the assignee shall be invested " with the like right, title and authority to sell, manage, dispose of, sue for and recover or defend the same, as the bankrupt might have had' if no assignment had been made." It has been holden that under such adjudication and deed all choses in action pass to the assignee, even without notice to the debtor. *Smith* v. *Buchanan,* 4 Bank. Register, 133; *In re Vogel,* 7 Blatchf., 18.

2. The by-law of the company, that transfers of the stock shall be recorded on the books of the company, does not vary the case. Such stock can be sold on execution without

a transfer on the books of the company. Rev. Statutes, 1875, p. 457. So under the insolvent laws of this state, a decree of the court of probate appointing a trustee, and a certificate thereof filed with the company, operates as a transfer of the stock. Rev. Statutes, p. 382.

3. The mere fact that the stock stands in the name of one party may, as between third parties, be sufficient evidence of his right to vote. But in a proceeding of quo warranto the court may always go farther and enquire whether such apparent title authorizes him to vote. *Am. Railway Frog Co.* v. *Haven,* 101 Mass., 398; *Ex parte Holmes,* 5 Cowen, 426; *People* v. *Devin,* 17 Ill., 84.

4. The respondents claim that L. M. Ferris, Jr., had a right to vote because of the power of attorney which he held from Bowman, the assignee. If he had held and voted upon a proper power of attorney from Bowman, we concede that his right to vote would have been unquestionable; though even then the judgment of ouster against him and R. M. Ferris from the office of directors, and against him from the office of president, would have been right, because neither were stockholders and therefore ineligible to those offices. But this is fully disposed of by the finding. The power of attorney was never filled out to L. M. Ferris, Jr., or authorized to be so filled. It was never presented at the annual meeting, and he never claimed the right or offered to vote on the stock by virtue of any authority given him by Bowman.

5. The court finds that the majority of the legal votes were not given for the respondents. Of course if not given for the respondents they must have been given for some other persons, and the court finds for whom. This may have been unnecessary, but clearly it is no error. At most it was redundancy in the finding, but forms no part of the judgment. The judgment merely removes the parties improperly declared elected and who were exercising their offices illegally, but does not attempt to instate those who were legally elected.

State *ex rel.* White *v.* Ferris.

PARK, C. J.   The controversy in this case is with regard to the right of Lindley M. Ferris, Jr., to vote on five hundred and sixty-four shares of stock of the Hartford & Albany Transportation Company, at the annual meeting of the company for the choice of directors and other officers in the month of February, 1875.   These shares formerly belonged in part and principally to. the co-partnership of Murray, Ferris & Co., of which L. M. Ferris, Jr., was a member, and in part to L. M. Ferris, Jr., and at the time of the annual meeting they still stood on the books of the company as belonging to them, although the firm of Murray, Ferris & Co. and L. M. Ferris, Jr., had previously been declared bankrupts, and an assignee of their estates had been appointed in bankruptcy.   The by-laws and regulations of the Hartford & Albany Transportation Company, in force at the time of the annual meeting in question, required that certificates of ownership of stock should be signed by the president and secretary, and recorded upon the books of the company ; and that whenever a stockholder should transfer his stock, the secretary should make an entry of the cancellation of the old certificate on the books of the company, and record the new certificate thereon, and lodge a certificate of the. transfer with the clerk of the town, according to law.   Some time previous to the annual meeting of the transportation company, L. M. Ferris, Jr., applied to the assignee in bankruptcy for a power of attorney to vote on these shares, and one was given him duly signed, and in proper form, with the exception of the name of the attorney.

These are the principal facts of the case, and we think they show that L. M. Ferris, Jr., had the right to vote at the annual meeting on the shares in controversy.

It has been repeatedly held by this court that the books and records of a corporation determine who are its stockholders for the time being, and who have the right to vote on the stock, although the same may have been sold, or pledged as collateral security.   In such cases the party who appears to be the owner by the books of the corporation has the right to be treated as a stockholder and to vote on what-

ever stock stands in his name. *Marlborough Manufacturing Co.* v. *Smith*, 2 Conn., 579; *Northrop* v. *Newtown & Bridge-port Turnpike Co.*, 3 Conn., 544; *Vansands* v. *Middlesex County Bank*, 26 Conn., 144; Gen. Statutes, Rev. of 1875, p. 279, secs. 8, 10; *Ex parte Willcocks*, 7 Cowen, 402; *Matter of Barker*, 6 Wend., 509; Angell & Ames on Corp., § 132.

Besides, in this case it appears that the assignee did not claim the right to vote on this stock at the annual meeting, but on the contrary consented in advance that L. M. Ferris, Jr., might vote on it. What matters it to the other stockholders which of these parties voted on the stock, so long as one party or the other manifestly had the right to vote, and both were agreed as to who should vote? The stock stood in the name of the co-partnership, of which L. M. Ferris, Jr., was a member, except a few shares which stood in his own name, and the assignee, the only other party in interest, assented to his voting on the stock. This being so, we think the other stockholders have no right to complain.

But it is said that the bankrupt act of the United States conflicts with this view of the case; and we are referred to sections 5044 and 5046 of the act. But these sections refer generally to the property of the bankrupt, and as applied to this case, mean no more than that the stock is vested in the assignee. This appears by section 5051 of the act, which provides that "the debtor shall, at the request of the assignee, make and execute any instruments, deeds and writings which may be proper to enable the assignee to possess himself fully of all the assets of the bankrupt." This provision is made in view of the fact that, in many cases, such instruments are necessary to transfer possession of the bankrupt's property to the assignee.

It is further said, that however it may be in regard to the right of L. M. Ferris, Jr., to vote on the stock, still he, and the other members of the firm, were not eligible to the office of directors unless they were stockholders. But L. M. Ferris, Jr., would not have had the right to vote unless he had been a stockholder, for the time being at least, for the power

of attorney did not confer upon him that right, because his name was not inserted in it. He was a stockholder so far as the corporation was concerned, and so was R. M. Ferris, inasmuch as the stock stood in their names on the books of the company; and consequently they were eligible to office.

There is manifest error in the judgment complained of, and a new trial is advised.

In this opinion the other judges concurred.