RUSH *v.* CITIZENS NATIONAL BANK.

Opinion delivered July 13, 1914.

1. APPEAL AND ERROR—FINDINGS OF FACT BY COURT.—Where a cause is tried before a court sitting as a jury, the findings of fact made by the court are as binding on appeal, as is the verdict of a jury.

2. BANKS AND BANKING—DEBT DUE BY DEPOSITOR—RIGHT TO APPROPRIATE DEPOSIT.—Where, at the maturity of a debt due a bank from a depositor, the latter's deposit is sufficient to meet the obligation, and it has not been specifically ordered by the depositor to be held for a different purpose, the bank may apply such deposit to the payment of the debt.

3. BANKS AND BANKING—DEPOSITOR'S DEBT—SUIT AGAINST DEPOSITOR.—
   A bank may appropriate to itself the amount of a general deposit
   of a debtor, on the debt, and bring an action against the depositor
   for the balance of the debt.

Appeal from Garland Circuit Court; *C. T. Cotham,* Judge; affirmed.

STATEMENT BY THE COURT.

The Citizens National Bank of Hot Springs instituted this action against C. C. Rush, C. G. Bryan and L. D. Cooper to recover the balance alleged to be due on a promissory note amounting to $1,532.58, with the accrued interest.

The facts are as follows:

The defendant Bryant and one Jacobs were partners engaged in the saloon business in the city of Hot Springs. They executed a note to the plaintiff bank in the sum of five thousand dollars. The note was renewed several times and partial payments were made on it. The defendant Rush finally bought out Jacobs' interest in the saloon business, and Jacobs was released from the note. On April 9, 1913, there was a balance due on the note of thirty-five hundred dollars, and on that day C. G. Bryan and C. C. Rush executed to the Citizens National Bank their note for the sum of thirty-five hundred dollars, which was due and payable on June 18, 1913. This note bore the endorsement of L. D. Cooper. At the time the note became due, the defendant Rush had on general deposit the sum of $2,045 in the bank, which was by the bank credited on the note. Afterward the bank instituted this action to recover the balance due on the note, which amounted to $1,532.58, with interest. Bryan and Cooper appeared in court at the time of the trial and acknowledged the indebtedness. According to the testimony of the plaintiff, Bryan and Rush executed the note as principals, and Cooper endorsed it for them. According to the testimony of the defendant Rush, he only signed the note as surety. He stated that he sold his interest in the saloon business to Bryan and that it was thereafter

agreed that he should only sign the note as accommodation for Bryan and Cooper, and should only be liable as surety thereon. According to the testimony of Cooper and the cashier of the bank, Rush signed the note as principal, and no agreement was made that he should only be held liable as surety.

Other facts were testified to by Rush, but we do not deem it necessary to set them out, for the testimony which we have recited is sufficient for a determination of the issues of law raised by the appeal.

The case was tried before the court, sitting as a jury, and the court made the following findings of law and fact:

"1. That so far as the plaintiff was concerned, the defendant C. C. Rush is a joint maker, with C. G. Bryan, of the note in controversy.

"2. That the deposit of $2,500 made by or for the defendant C. C. Rush on June 18, 1913, was a general and not a special deposit, nor was it a deposit in trust.

"3. That the plaintiff, under its bankers' lien, had a right to apply said deposit of $2,045 in payment of the note in controversy.

"4. That so far as the defendant C. G. Bryan and L. D. Cooper are concerned, the defendant C. C. Rush was an accommodation maker of said note.

"5. That all the defendants are jointly and severally liable to the plaintiff for the balance due on the note sued on."

Judgment was accordingly rendered for the plaintiff, and the defendant Rush has alone appealed.

*R. G. Davies,* for appellant.

The bank had no lien and no right to apply Rush's money as a payment of the note. The question is merely one of set-off. Cooper was a joint maker and a principal. The note was endorsed before delivery. 80 Ark. 285. Rush never consented to appropriate his funds to the payment of the note. 5 Ark. 283; Daniel on Negotiable Instr., § 326b, p. 409; Morse on Banks, etc., 324-326; 66 Miss. 678; 46 Ark. 540; 125 N. C. 503; 3 Cal. 350; 121 N. C. 43;

3 L. R. A. 273; 87 Tenn. 369.   34 La. Ann. 605; 4 L. R. A. 112; 98 Ark. 298; 12 *Id.* 378; 7 *Id.* 334.

*Rector & Sawyer,* for appellee.

The bank had a lien and the right of set-off. Kirby's Dig., § § 6098-6101; 4 Ark. 602; 14 *Id.* 668; 56 Ark. 499-510; 98 Ark. 294; 1 Morse on Banks and Banking (4 ed.), § 326. The bank's lien is coextensive with the right of set-off. Cases *supra.*

HART, J., (after stating the facts). (1) The court found that on June 18, 1913, the defendant Rush had a general deposit in the bank of plaintiff of twenty-five hundred dollars. This finding of fact is sustained by the evidence and its correctness is not disputed by the defendant Rush. It will also be noted that the court found that so far as the plaintiff bank was concerned, the defendant Rush was a joint maker with C. G. Bryan on the note in controversy. This finding is sustained by the evidence of the cashier of the bank. It is true his testimony to that effect was contradicted by the defendant Rush, but it is well settled that where a case is tried before a court sitting as a jury, the findings of fact made by the court are as binding on us on appeal as is the verdict of a jury. Therefore, it may be taken as settled that the defendant Rush was a joint maker with the defendant Bryan on the note in controversy. The bank, when the note became due, applied $2,045 on the amount deposited with it by Rush as a part payment on the note in controversy. The right of the plaintiff to do this is challenged by Rush in this appeal.

(2) Where, at the maturity of a debt due a bank from a depositor, the latter's deposit is sufficient to meet the obligation, and it has not been specifically appropriated by him to be held for a different purpose, the bank has a right to apply such deposit to the payment of the debt. 5 Cyc. 550, and cases cited; and case-note to 2 A. & E. Ann. Cas. 206, and case-note to 19 A. & E. Ann. Cas. 487.

Among the cases cited is that of *Cockrill* v. *Joyce,* 62 Ark. 216. In that case, Mr. Justice RIDDICK, speaking for the court, in discussing the rule, said:

"The law on this subject is well settled, and is thus stated by a recent writer: 'A banker has a lien on all securities of his debtor in his hands for the general balance of his account, unless such a lien is inconsistent with the actual or presumed intention of the parties. The lien attaches to notes and bills and other business paper which the customer has entrusted to the bank for collection, as well as to his general deposit account.'"

(3) It is contended by counsel for the defendant Rush that in order for the bank to have this right the same mutuality must exist between the parties as is required in other cases of set-off, and in support of his position he cites the case of *Trammell* v. *Harrell,* 4 Ark. 602, where the court held: "A debt or demand, to be a set-off, must be due from the sole plaintiff or all the plaintiffs to the sole defendant or all the defendants." This case and other cases to the same effect were overruled by the case of *Leach* v. *Lambeth,* 14 Ark. 668, where the court held that a debt due from the sole plaintiff to one of several defendants may be pleaded, under the statute, as a set-off by the defendant to whom such debt is due. And the court further held that the case of *Trammell* v. *Harrell, supra,* is overruled as to this point. The court, in overruling the case, adopted the reason of the Chief Justice in a dissenting opinion in the case of *Trammell* v. *Harrell,* and reference to the opinion is made for the reasoning of the court, which we do not deem it necessary to repeat here. To the same effect, see *Burke's Admr.* v. *Stillwell's Exr.,* 23 Ark. 294, and *Wilson* v. *Exchange Bank,* 122 Ga. 495, 2 A. & E. Ann. Cas. 597, and case note. In the case of *Wilson* v. *Exchange Bank,* the principles of law applicable to cases like this are thoroughly discussed, and the court, after criticising the opinion in the case of *Trammell* v. *Harrell,* 4 Ark. 602, said:

"And in the subsequent opinion of *Leath* v. *Lambeth,* 14 Ark. 668, the principle laid down in *Trammell* v. *Harrell* was overruled, and by a unanimous decision, the views expressed by the Chief Justice in his dissenting

opinion in that case were adopted as the law applicable to the subject under discussion.''

Rush deposited $2,500 with the bank as a general deposit, and, therefore, the bank became indebted to him for that amount. When the note of Bryan and Rush to the bank became due, the bank had a right to apply the whole or any part of this deposit toward the payment of the note, Rush not having directed its application to any other indebtedness due by him.

The judgment should be affirmed for another reason. The bank only brought suit against Rush and Bryan for $1,532.58. The testimony showed that the defendants owed the bank the $3,500 note, and the defendant Rush did not deny his indebtedness on that note. He does not claim to have paid any part of it, and, inasmuch as the bank only brought suit for $1,532.58, the balance of the note which was due after it had been credited with the sum of $2,045, which Rush had on general deposit in the bank, it is immaterial whether or not the bank credited the note with the deposit so far as the present suit is concerned.

In short, the bank had a right to sue the defendant for the amount alleged to be due it, and the defendant Rush can not complain that suit was not brought for the whole amount of it. The fact that the bank credited the note with a part of the general deposit of the defendant, Rush, would be no defense to a suit by the bank to recover on the remaining amount alleged to be due the bank on the note, and which the undisputed evidence shows has not been paid.

The judgment will be affirmed.