PHILIP KRESEL *vs.* ISADORE E. GOLDBERG.

Third Judicial District, Bridgeport, April Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued April 8th—decided June 2d, 1930.

*Louis M. Schatz,* with whom, on the brief, was *Nathan A. Schatz,* for the appellant (defendant).

*George W. Crawford,* with whom was *Bernard Greenberg,* for the appellee (plaintiff).

MALTBIE, J. The plaintiff is suing by virtue of an assignment, under date of September 19th, 1928, of a claimed cause of action of The Capitol Furriers, Incorporated, against the defendant. The defendant filed a special defense in which he alleged that the corporation was organized under the laws of this State and had three stockholders, one of whom, Bennie Vogel, owned more than a majority of all its outstanding stock; that Vogel filed a voluntary petition in bankruptcy, was duly adjudged a bankrupt on or about April 8th, 1928, and had not received his discharge when the assignment was made; that he included his shares of stock of the corporation in the schedules of his assets; that in April or May, 1928, a trustee of his bankrupt estate was appointed; that the trustee was never notified of the meeting of the corporation at which the assignment was voted, did not know it was called and was not present at it, and did not authorize the voting of the stock belonging to Vogel; that the meeting was not legally called and the authorization of the assignment was not valid. To this defense the plaintiff demurred and the action of the trial court in sustaining this demurrer is the first ground of appeal.

The concluding allegation of the defense is treated

by the parties as in the nature of a conclusion from the other facts alleged and we shall so regard it. By the terms of the Bankruptcy Act an interest in the stock of the corporation owned by Vogel, as an asset in his possession at the time he filed his petition in bankruptcy, passed at once to the trustee upon his appointment; Bankruptcy Act, § 70(a); *Gerber & Co., Inc.* v. *First National Bank,* 110 Conn. 583, 586, 148 Atl. 669; and he had it in his power to compel the assignment to him of the certificate representing the stock. Bankruptcy Act, § 70(a); *In re Hurlbutt, Hatch & Co.,* 135 Fed. 504, 507; 4 Remington on Bankruptcy, § 1375. On the other hand, the trustee was not bound to take over the stock but might decline to accept it if he found it burdensome or worthless. *Cunningham* v. *Commissioner of Banks,* 249 Mass. 401, 423, 144 N. E. 447; *Atchison, T. & S. F. Ry. Co.* v. *Hurley,* 153 Fed. 503; 2 Remington on Bankruptcy, § 1154. The determination of the steps which were necessary to vest him with full legal title and the effect of his failure to take those steps upon his rights as a shareholder was a matter for determination in accordance with the laws of this State under which the corporation was organized. *In re American Candy Mfg. Co.,* 256 Fed. 87, 88; *In re Baxter & Co.,* 154 Fed. 22; 4 Remington on Bankruptcy, § 1405. By the statutes of this State title to a certificate of stock and the shares represented thereby can be transferred only by the delivery of the certificate either properly indorsed or accompanied by a separate assignment or power of attorney. General Statutes, § 3469. In the section of the statutes dealing with the preparation of lists of stockholders in anticipation of corporate meetings, it is also provided that the stock ledger or transfer book shall be prima facie evidence as to who are stockholders; General Statutes, § 3437, as amended by Public Acts of 1927,

Chap. 228; and this means that, at least until some other person shows his right to vote as the holder of certain shares of stock, the person appearing upon the books as owner thereof is to be deemed vested with the right to vote them. *Commonwealth ex rel. Eberhardt* v. *Dalzell,* 152 Pa. St. 217, 25 Atl. 535; *Hoppin* v. *Buffum,* 9 R. I. 513, 518; *Haynes* v. *Griffith,* 16 Idaho, 280, 291, 101 Pac. 728. The enactment of these statutes since our decision in *State ex rel. White* v. *Ferris,* 42 Conn. 560, in no essential way distinguishes the situation then before the court from the one now presented to us and the other principles which we have stated serve only to confirm that decision. As we there held, the provisions of the Bankruptcy Act which vest in the trustee the property of a bankrupt and require him to execute all necessary conveyances and transfers do not of themselves take away the right of the bankrupt to vote stock still standing in his name on the books of the corporation. In this case, the trustee, who had never caused the stock to be transferred to him upon the books of the corporation, or, so far as appears from the allegations of the defense, had never brought it to the notice of the corporation that he claimed any rights as stockholder was not entitled to notice of the meeting. *Osborn* v. *Detroit Kraut Co.,* 193 Mich. 664, 160 N. W. 442; *Gray* v. *Bloomington & Normal Railway,* 120 Ill. App. 159, 188; 14 Corpus Juris, 890. The demurrer was properly sustained.

From the finding of the court made upon the basis of the evidence offered upon the trial, the defendant seeks to strike out several paragraphs. With one exception hereafter noted, he is not entitled to these changes, because the facts found are supported by evidence reasonably credible or the attack is made upon the statements of the court, in the nature of conclusions, to the effect that the plaintiff is a bona fide

assignee of the claim in suit, which, as we shall show, are supported by the other facts found. The exception is a finding to the effect that the trustee of Vogel's estate was at all times aware that the bankrupt was acting as a stockholder and officer of the corporation and approved and ratified his actions as such. Placed where it is in the finding this might be taken to apply to the acts of Vogel as a stockholder and officer with reference to the assignment of the claim in suit to the plaintiff and the evidence makes it indisputable that this was not so. To this extent the finding is modified. The defendant seeks also to have many paragraphs of his draft-finding added to the finding. Several of these are in no way in conflict with the finding as made, state admitted or undisputed facts, and serve merely to give a more complete picture of the situation. So far as these paragraphs are concerned, the trial court might well have added them to the finding and we treat them as a part of it in our discussion. The other statements sought to be added are either immaterial or cannot be regarded as admitted or undisputed.

The controversy grows out of an adjudication of bankruptcy against the corporation, which was engaged in carrying on a mercantile business in a building it rented from the defendant. At about the same time Vogel was also adjudicated a bankrupt. Milton D. Richmond was appointed receiver in bankruptcy of the corporation and also trustee of the bankrupt estate of Vogel. Vogel owned some seventy shares of stock in the corporation, his son about twenty and his wife one. The corporation desired to effect a composition with its creditors upon the basis of a payment of twenty per cent of the indebtedness due them but did not have the funds to carry it through. The defendant thereupon stated to the officers of the corporation that he was interested in its welfare and desired to help it

over its difficulties, proposed to loan them the money necessary to carry out the composition, without requiring a bonus or commission, if satisfactory security could be given for it, and said that the corporation might have the benefit of the fall season of trade to dispose of its merchandise and repay the note. The corporation accepted this offer and agreed to give the defendant as security a bill of sale of its stock and fixtures. The defendant then borrowed at a bank upon his own note a sufficient sum to effect the composition, the money was disbursed for this purpose, and August 15th, 1928, the final order in the bankruptcy proceeding confirming the composition was entered. In accordance with the agreement between him and the corporation, the defendant received from Richmond as receiver a bill of sale of the stock and fixtures of the corporation. Richmond knew of and approved the arrangement for the loan by the defendant. He at no time, as trustee of Vogel's estate, gave any notice to the corporation that he claimed any rights in it as a stockholder or took any steps to have the stock transferred to him on the books of the corporation or possessed or exercised control over the certificate representing it. On the contrary, he was at all times aware that Vogel was acting as stockholder and officer of the corporation in the arrangement for the composition and fully approved and ratified his acts as such.

On July 31st, 1928, the defendant, by his son and agent, entered the store of the corporation without its consent or that of the receiver and in violation of his agreement with it. He seized the stock, merchandise and fixtures it contained and sold or disposed of a large portion of them, appropriating to his own use the money received for the portion so sold and retaining the rest. On September 19th, 1928, the corporation had a meeting at which Vogel, his son and wife were

present and a waiver of notice prepared by an attorney of the plaintiff was signed. At this meeting it was voted to assign to the plaintiff all claims, demands and causes of action it might have against the defendant, and Vogel as its treasurer was authorized to execute such an assignment. Vogel subsequently did execute the assignment and it was delivered to the plaintiff who, when the action was brought, was the actual bona fide owner of the demands and causes of action of the corporation against the defendant. The court concluded that the defendant had converted the property of the corporation and gave judgment for the plaintiff.

The defendant does not contend, upon the basis of these findings, that he was not guilty of conversion. Under the denials of his answer he renews his claim that the assignment to the plaintiff was invalid because of the effect of Vogel's bankruptcy upon his right to vote the stock in the corporation. Upon the findings, that claim has even less support than it had in the allegations of the special defense demurred to, because it now appears that, instead of taking steps to have the stock transferred into his name, the trustee of Vogel's estate acquiesced in the latter's exercise of the privilege of a stockholder throughout the proceedings leading up to the making of the composition and the execution of the bill of sale to the defendant. The defendant also claims that no right of action for the conversion accrued to the corporation because the taking possession and sale of the merchandise by the defendant took place before the confirmation of the composition and hence gave rise to a cause of action in favor of the receiver. But, upon that confirmation, the property in the estate reverted to the corporation in the condition it then was, including any rights of action that had accrued between the filing of the petition and that time. *Stone* v. *Jenkins,* 176 Mass. 544,

57 N. E. 1002; *Bracklee Co.* v. *O'Connor,* 122 N. Y. Supp. 710; 7 Remington on Bankruptcy, § 3053.

There is no error.

In this opinion the other judges concurred.