SHARP *v.* NORWOOD.

4-3251

Opinion delivered December 18, 1933.

*Duty & Duty,* for appellant.
*Rice & Rice,* for appellee.

SMITH, J. We copy from appellant's brief the following statement of facts, out of which this litigation arose: "The First National Bank of Rogers, Arkansas, became insolvent, and was taken over by the Comptroller of the Currency of the United States for the purpose of liquidation, about the 1st of January, 1931.

"The Bank of Lowell, Arkansas, was a State banking corporation, and became insolvent and was taken over by the State Banking Department for the purpose of liquidation about the 25th of January, 1931.

"On July 31, 1930, the appellees, T. W. Norwood and A. H. Lightner, borrowed $600 from the Bank of Lowell, and executed to the bank their promissory note in that sum, due and payable six months after date. Some time after the execution of the note, and some time before the First National Bank of Rogers failed, the Bank of Lowell borrowed $7,500 from the First National Bank of Rogers, and placed the appellee's note, together with other notes, with the First National Bank as collateral for the loan, and, at the time of the institution of this suit and the trial thereof, and, at the present time, the indebtedness of the Bank of Lowell to the First National Bank of Rogers has not been paid, there being about $1,000 yet due and unpaid, and the

appellees' note is still held by the receiver of the First National Bank, E. G. Sharp, as collateral to that loan.

"At the time the First National Bank of Rogers failed, one of the appellees, A. H. Lightner, was doing business with that bank, and had on deposit $683.61, which he seeks to offset against the collateral note due the Bank of Lowell, and held by the First National Bank of Rogers. On January 29, 1932, Walter E. Taylor, as Bank Commissioner of the State of Arkansas, filed suit against the appellees for the full amount of the face of the note and interest. The appellees answered, and set up substantially the above state of facts, claiming that the defendant, Lightner, had a deposit in the First National Bank, and that he was entitled to offset, but did not allege at any time or place that the other defendant, T. W. Norwood, was insolvent, neither did the defendant, Norwood, make such allegation in his answer, but Norwood adopted the answer of Lightner. ·

"The case came on for final hearing on March 23, 1933, after, on proper motion, the appellant, E. G. Sharp, as receiver of the First National Bank of Rogers, had been made a party to the proceedings, and, after hearing the evidence, the court found that the note in question was made to the Bank of Lowell, and was thereafter transferred and assigned by the Bank of Lowell to the First National Bank as collateral to secure the loan, and that at all times subsequent thereto, and, at the time of the rendition of the judgment, that the First National Bank of Rogers was the holder of said note as collateral security.

"The court further found that, at the time the First National Bank closed, the defendant, Lightner, had on deposit in said bank the sum of $583.67, and that he was entitled to offset that amount against the amount due on the note, leaving a balance due on the note of $56.39, and for which the court rendered judgment in favor of E. G. Sharp, as receiver of the First National Bank, against Lightner and Norwood. The appellant Sharp duly filed his motion for new trial, which was by the court overruled, and an appeal was taken to this court and a bill of exceptions filed within the time allowed by the court,

and the question now before the court is whether or not, under the facts as set forth above and supported by the evidence, the appellee, Lightner, is entitled to offset his deposit in the First National Bank of Rogers, against his note due the Bank of Lowell, by reason of the fact that the First National Bank was the holder of said note for collateral, and that the other defendant, T. W. Norwood, is not shown to be insolvent.''

This is an appeal from a judgment under which no one appears to have been prejudiced. The makers of the note have obtained the relief which they prayed, and they will no doubt adjust their accounts with each other; at any rate, we are not asked to make the adjustment. The Bank Commissioner, as liquidator of the Lowell Bank, makes no complaint of the judgment. He has obtained full credit on the note of the Bank of Lowell to the First National Bank. No one complains of the judgment except the receiver of the First National Bank, and his complaint appears to be without merit. The First National Bank's liability to Lightner as a depositor has been extinguished, and, in addition, the receiver has judgment against two apparently solvent makers for the difference between Lightner's deposit and the Lightner and Norwood date. If the First National Bank had been the absolute owner of the Lightner and Norwood note, it could not have asked for more than it has received under the judgment of which its receiver complains.

This just judgment will not be reversed for lack of mutuality of the demands set off against each other.

It was held, in the early case of *Trammell* v. *Harrell*, 4 Ark. 602, that a debt or demand, to be set off, must be due from the sole plaintiff, or all the plaintiffs, to the sole defendant, or all the defendants. But this case was overruled by the case of *Leach* v. *Lambeth*, 14 Ark. 668, where the court held that a debt due from the sole plaintiff to one of several defendants may be pleaded, under the statute, as a set off by the defendant to whom such debt is due.

In the case of *Rush* v. *Citizens' National Bank*, 114 Ark. 170, 169 S. W. 777, the facts were that Rush and Bryan executed a joint note to a bank in which Rush had an individual deposit. It was held, the note maturing

and remaining unpaid, that the bank had the right to apply Rush's individual deposit to the payment of the note upon which he was liable as a joint maker.

In the case of *Taylor* v. *Cox,* 183 Ark. 1117, 40 S. W. (2d) 444, the facts were that Mrs. Cox was liable as joint maker on a note to a bank in which she carried an individual deposit. Upon the bank becoming insolvent, it was held that she had the right to have her individual deposit credited upon the note on which she was liable as a joint maker, and upon paying the difference between her deposit and the joint note she was allowed to withdraw from the hands of the Bank Commissioner, as liquidating agent for the bank, the collateral which had been pledged to the bank to secure the note. See also *Leonard* v. *Taylor,* 183 Ark. 933, 39 S. W. (2d) 704.

It is insisted, however, that the right of set off should not have been accorded, because the First National Bank held the note of Lightner and Norwood as pledge by way of collateral, and not as owner. It is true a bank holding a note as collateral to secure a loan which it has made does not, because of default in the payment of the debt due it, become the owner of the collateral which it held, but must acquire the title thereto in the manner authorized by the contract of pledge: *Union & Mercantile Trust Co.* v. *Harnwell,* 158 Ark. 295, 250 S. W. 321. But, even so, the collateral note would not be worth, or could not be sold for more than its face with interest, (and the bank would not be entitled to the excess if it did) and it has had credit for that amount under the judgment from which its receiver has appealed.

Here the judgment has arrived at a true balance where mutual demands existed, and it must therefore be affirmed. It is so ordered.