THOMAS G. MILLS *vs.* TIFFANY'S, INCORPORATED, ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

632

Argued December 9th, 1937—decided February 1st, 1938.

*Walfrid G. Lundborg,* for the appellant (plaintiff).

*James W. Carpenter,* for the appellees (defendants).

MALTBIE, C. J. The complaint in this case contained the following allegations: The plaintiff owns ten shares of the capital stock of a corporation known as Mills Spa, Incorporated. On June 26th, 1930, the corporation executed and delivered to him its note for $12,664.91. This note contained a provision that the furniture, fixtures and equipment of the corporation was assigned as collateral security and also that it was secured by a certificate for fourteen hundred and eighty shares of the stock in the corporation standing in the name of Floyd E. Tiffany. This certificate of stock was indorsed in blank and delivered to the plaintiff. Default was made in payment of the note, leaving a balance of $1440 with interest due upon it. Tiffany died and neither he nor his estate paid the

note. By reason of the default in payment of it and the failure of Tiffany or his personal representative to redeem the stock, the plaintiff became the owner of the fourteen hundred and eighty shares although they were never transferred to him on the books of the corporation. On or after April 13th, 1936, Mills Spa, Incorporated, hereinafter referred to as Mills Spa, transferred all its assets to another corporation known as Tiffany's, Incorporated, hereinafter referred to as Tiffany's, without notice to the plaintiff of any stockholders' meeting held for the purpose of authorizing such a transfer. The defendant Harry B. Rosenblum, as attorney for the defendant Belle M. Tiffany, knew that the plaintiff was the owner of the ten shares of stock and also of the fourteen hundred and eighty shares formerly belonging to Floyd E. Tiffany. The defendants Dora T. Rosenblum, Belle M. Tiffany, Henry J. LaFlamme and Rosenblum were the incorporators and stockholders of Tiffany's. These defendants, knowing that the plaintiff owned a substantial number of shares of stock in Mills Spa, fraudulently aided and assisted in the transfer of its assets in order to deprive the plaintiff of the value of his stock. The defendant Tiffany's, by its officers and directors, had full knowledge of the fraud perpetrated on the plaintiff and they assisted the other defendants in their purpose of rendering the stock of the plaintiff valueless. The plaintiff has no adequate remedy at law. He claimed $5000 damages, an injunction restraining the defendants from transferring or disposing of the assets of Tiffany's or the certificates of stock therein issued to them and such other relief as he might be entitled to in equity.

The facts found, so far as necessary to our decision, are as follows: The plaintiff was operating a restaurant in Hartford. A corporation known as Mills Spa

was organized to take over the restaurant and fourteen hundred and eighty shares of its stock were issued to Floyd E. Tiffany and ten shares each to Belle M. Tiffany and to the plaintiff. The corporation executed and delivered to the plaintiff the note described in the complaint which was payable in instalments of $500 a month and contained a clause making the entire amount due at the option of the holder upon a default for ten days in the payment of any instalment. The certificate for fourteen hundred and eighty shares of its stock issued to Floyd E. Tiffany was indorsed by him for transfer and delivered as collateral security for the note to an attorney in escrow for the benefit of the plaintiff. In 1932 the note was in default but the plaintiff never attempted to foreclose his lien on the stock or to exercise any ownership over it. Floyd E. Tiffany died and the fourteen hundred and eighty shares of stock represented by the certificate, with other shares of stock in the corporation later issued, were inventoried as a part of his estate and later sold to Belle M. Tiffany. Thereafter the only stockholders in and directors of Mills Spa were the plaintiff and Belle M. Tiffany. In 1934 receivership proceedings were brought against the corporation. The plaintiff was appointed temporary receiver and later confirmed as permanent receiver. In the course of the proceedings he, as receiver, filed a stipulation as to the ownership of stock in the corporation in which it was stated that Floyd E. Tiffany owned fourteen hundred and eighty shares, and he and Belle M. Tiffany ten shares each.

On July 9th, 1935, there was a meeting of the stockholders and also of the directors of Mills Spa, of neither of which the plaintiff had notice. On the same day the corporation executed a petition to the federal court under § 77B of the Bankruptcy Act,

requesting reorganization, which was filed the next day. This petition was prepared by its attorneys, one of whom was the defendant Rosenblum; the practice under the section had not been settled, no forms were available, nor were there guiding decisions of the court; and the attorney acted pursuant to the advice and with the approval of the judge of the United States District Court. The petition stated that of the thirty-seven hundred shares of stock in the corporation thirty-six hundred and ninety were owned by Belle M. Tiffany and the remaining ten shares were outstanding in the name of the plaintiff for qualifying purposes only, and that the filing of the petition had been authorized by the owner of all the outstanding shares except these ten. On July 10th, 1935, a trustee was appointed. The corporation at this time was insolvent. On March 19th, 1936, Rosenblum, as attorney for the corporation, presented to a special master a plan for its reorganization. No meeting of stockholders or directors of the corporation had been held for the purpose of passing upon this plan and the plaintiff did not know of it prior to presentation to the master. The terms of this plan are not found except as to certain payments to be made to creditors. On April 2d, 1936, the court passed an order that the plan "hereby is recommended to be accepted," that upon approval of the recommendation the debtor was to deliver to the trustee sufficient money to meet the necessary expenditures and that thereafter an order might be entered by the special master "for the debtor or its nominee" to again assume possession of the business, the proceedings then to be dismissed without further order. On June 5th, 1936, an order was entered by the federal court directing the trustee to turn over to Rosenblum, "nominee and attorney for the debtor," or anyone designated by him, all its assets. Yvonne

M. Hemmings advanced $2400 to the corporation for the purpose of effecting the reorganization. On April 23d, 1936, the trustee, under direction of Rosenblum, conveyed all his right, title and interest in the assets of Mills Spa to her.

The defendants Belle M. Tiffany, Harry B. Rosenblum and Henry J. LaFlamme became incorporators of Tiffany's, Incorporated, which was organized to take over the assets of Mills Spa, Incorporated. Stock of this corporation was issued to the amount of twenty-four hundred shares, twenty-three hundred and ninety-seven to defendant Dora T. Rosenblum and one share each to Belle M. Tiffany, Harry B. Rosenblum and Henry J. LaFlamme. All the assets of Mills Spa, with certain others, were transferred to Tiffany's without consideration, although they were valued by the directors at $24,000. This transfer was never approved by any stockholders' or directors' meeting of Mills Spa. Throughout these proceedings Rosenblum knew that the plaintiff owned ten shares of stock in Mills Spa, and claimed to own the fourteen hundred and eighty shares originally issued to Floyd E. Tiffany, as did also the defendant Belle M. Tiffany, and he acted as attorney for her, for Mills Spa, and for Yvonne M. Hemmings. At some time during the proceedings the certificate for fourteen hundred and eighty shares of stock in Mills Spa was delivered to the plaintiff by the attorney who was holding it in escrow. There is an unpaid balance of $1440 due on the note.

The claims of the plaintiff at the trial, leaving out some which are merely incidental, were that the plaintiff had exercised his option to declare the entire amount of the debt due upon default in the payment of an instalment; that the plaintiff as a stockholder was entitled to notice of the proceedings

of the corporation under which the petition for reorganization was presented to the federal court; that the defendants Harry B. Rosenblum and Belle M. Tiffany had perpetrated a fraud upon the plaintiff in transferring the assets of Mills Spa to Tiffany's without notice to him as a stockholder and director and without consideration; that Tiffany's was organized to acquire the assets of Mills Spa as an instrumentality of the defendants to whom stock in the latter corporation was issued, and that Tiffany's and the several defendants took with notice of the rights of the plaintiff as a stockholder of Mills Spa. The conclusions of the trial court were that, the acceleration clause in the note not being self-executing and a demand for payment being necessary to make the unpaid amount due, which the plaintiff had never made, the unpaid balance never did become due; that the plaintiff still holds the fourteen hundred and eighty shares in Mills Spa as a pledge but has no interest in it except as security for the note; that the plaintiff was not entitled to notice of the proceedings for reorganization; and that the defendants perpetrated no fraud upon the plaintiff.

The allegations of the complaint, the claims of law made by the plaintiff at the trial, and the claims now made before us in his brief, render it extremely difficult to determine upon just what principle of law he bases his right to recover, a difficulty with which the trial court was evidently confronted. Certain issues which arose at the trial or might conceivably have arisen in connection with the facts involved in the controversy can be eliminated from the case before us. Whether or not the plaintiff ever exercised his right to accelerate the payment of a balance due on the note because of the failure to pay an instalment is not now of consequence, because by the terms of

the note all instalments were due before the first of
the transactions resulting in the transfer of the assets
of Mills Spa to Tiffany's, entirely apart from the
acceleration clause. The plaintiff is not basing his
right to recover in this action upon his position as a
creditor of Mills Spa, by reason of the note executed
and delivered to him; he does not, for instance, even
make Mills Spa, the debtor, a defendant to the action.
He is not seeking a recovery for the destruction of
the value of the collateral security he held for the
note, represented by the certificate of stock; see
*Dunham* v. *Boyd*, 64 Conn. 397, 405, 30 Atl. 62; *Judd*
v. *Judd*, 125 Mich. 228, 240, 84 N. W. 134; nor is he
trying to impress the lien of the pledge upon any
stock in Tiffany's issued in lieu of that represented
by the certificate. See 12 Fletcher, Cyclopedia of
Corporations, §§ 5645, 5651. Despite the allegations
of the complaint and the plaintiff's claims of law at
the trial concerning fraudulent conduct on the part
of the defendants, the court has not found nor are we
requested to add to the finding facts which afford a
basis for a recovery in fraud apart from the claimed
illegality in the transaction to which we shall later
refer. The only basis of recovery which accords with
the allegations of the complaint, read in connection
with the facts found and the claims made at the trial,
is that the plaintiff, as owner of ten shares of stock
in Mills Spa which were issued to him and of the
fourteen hundred and eighty shares the certificate of
which was delivered to him as collateral for the debt,
is entitled to recover the loss of the value of this stock
by reason of an unlawful transfer of the assets of Mills
Spa to Tiffany's.

The only claim of illegality in that transfer made
at the trial was the failure to give the plaintiff as a
stockholder notice of the proceedings of the corpora-

tion under which the petition for reorganization was presented to the federal court. As regards the fourteen hundred and eighty shares represented by the certificate issued to Floyd E. Tiffany, the fact that there had been a default in a payment of the note did not give the plaintiff ownership of that stock but only the right to realize upon it by some appropriate proceeding. *Saposnick* v. *Kenig,* 121 Conn. 253, 256, 184 Atl. 584; *White River Savings Bank* v. *Capital Savings Bank & Trust Co.,* 77 Vt. 123, 131, 59 Atl. 197; *United National Bank* v. *Tappan,* 33 R. I. 1, 30, 79 Atl. 946; *Sharp* v. *Norwood,* 188 Ark. 463, 65 S. W. (2d) 906; 12 Fletcher, Op. Cit., § 5660. As the plaintiff never had the stock transferred to him he was not entitled to notice of stockholders' meetings of the corporation because of any interest in these shares. General Statutes, § 3405; *State ex rel. White* v. *Ferris,* 42 Conn. 560, 568; *Kresel* v. *Goldberg,* 111 Conn. 475, 478, 150 Atl. 693; *Finefrock* v. *Kenova Mine Car Co.,* 22 Fed. (2d) 627, 629; 12 Fletcher, Op. Cit., § 5656. Under the allegations of the complaint and the plaintiff's claims at the trial he can found no right to recover upon the basis of his ownership of this stock or his interest in it as a pledgee.

Our statutes provide that a corporation of the nature of Mills Spa may sell, lease or exchange all its assets when that action is authorized by a vote of two-thirds of the outstanding stock of each class at a meeting duly warned and held for the purpose; and they also provide for the protection of the interest of a stockholder who at the meeting where such a sale, lease or exchange is authorized does not vote in favor of it. General Statutes, §§ 3384, 3385. In *Bassett* v. *City Bank & Trust Co.,* 116 Conn. 617, 628, 165 Atl. 557, we held this statute to be inapplicable to a sale of all its assets by a corporation which is

insolvent or in failing circumstances made for the purpose of closing up its affairs; we cited in support of that ruling *Byrne* v. *Schuyler Electric Mfg. Co.*, 65 Conn. 336, 346, 31 Atl. 833, and in that case we pointed out (p. 352) that the restriction upon the right of a corporation to sell all its assets did apply "although the corporation is actually insolvent, if the purpose of the sale is not the bona fide winding up of its business, but is the continuance of the business in another corporation."

Section 77B of the Bankruptcy Act contemplates that a plan of reorganization may involve the formation of a new corporation to which all the assets of the petitioning corporation are to be turned over, that the new corporation may continue the business. 11 U. S. C. A., § 207 (b) (h); *Capitol Endowment Co.* v. *Kroeger*, 86 Fed. (2d) 976, 979. Where such a plan of reorganization is submitted to the federal court and confirmed by it, it would seem that no action by the corporation specifically authorizing the transfer of assets would be necessary but that transfer would be made under the order of the court. Where, however, a corporation files a voluntary petition seeking reorganization which does involve such a transfer the proceedings must be authorized by the directors or stockholders of the corporation at a meeting duly called for that purpose. 7 Remington, Bankruptcy, 1938 Supplement, p. 133. The trial court has found that no meeting of the stockholders or directors of Mills Spa was ever called for the purpose of passing upon the plan or of authorizing the transfer of its assets to Yvonne M. Hemmings or Tiffany's. If no plan of reorganization which involved the transfer of the assets of Mills Spa to Tiffany's was ever confirmed by the federal court, that transfer was unauthorized and illegal as regards the plaintiff, as the

owner of ten shares in the corporation. If a plan involving such a transfer was confirmed by the federal court, the plaintiff, as such owner, has suffered a legal wrong in that the proceedings were never properly authorized. The trial court was in error in holding that he was not entitled to notice of the proceedings of the corporation under which the reorganization was carried out.

Where all the assets of a corporation are turned over to another corporation organized to carry on its business, every stockholder in the original corporation has a right to a fair participation in the fruits of the reorganization. *Southern Pacific Co.* v. *Bogert,* 250 U. S. 483, 487, 39 Sup. Ct. 533; *Jones* v. *Missouri-Edison Electric Co.,* 144 Fed. 765, 771; *Nave-McCord Mercantile Co.* v. *Ranney,* 29 Fed. (2d) 383, 388; *Farmers' L. & T. Co.* v. *New York & N. R. Co.,* 150 N. Y. 410, 425, 44 N. E. 1043; *Sparrow* v. *E. Bement & Sons,* 142 Mich. 441, 454, 105 N. W. 881; *Moore* v. *Los Lugos Gold Mines,* 172 Wash. 570, 588, 21 Pac. (2d) 253; 15 Fletcher, Op. Cit., § 7296. That the stockholder owned only a few shares of stock is no ground to refuse him relief. *Moore* v. *Los Lugos Gold Mines,* supra, 598. If by the illegal action of those who control the original corporation a stockholder is deprived of that right, he has his remedy in equity, and this is true even though compensation in money is sought. *Backus* v. *Brooks,* 195 Fed. 452, 454; *Nave-McCord Mercantile Co.* v. *Ranney,* supra, 390. The relief which is accorded to him varies with the particular situation before the court. *Jones* v. *Missouri-Edison Electric Co.,* supra, 780. Thus if the transfer of assets has not been made it may be enjoined, or, if made, it may, in a proper case, be set aside. *Eagleson* v. *Pacific Timber Co.,* 270 Fed. 1008, 1011; *Union Pacific R. Co.* v. *Frank,* 226 Fed. 906, 920; *Jones* v.

*Missouri - Edison Electric Co.,* supra, 778; *Whicher* v. *Delaware Mines Corp.,* 52 Idaho 304, 15 Pac. (2d) 610. The injured stockholder may, however, seek relief only to the extent of remedying the wrong done to him and where this is his claim the aim of equity is to place him in the same position as though he had been given the share in the new corporation which, had be been treated on the same basis as the other stockholders, he would have received, and the measure of damages would be that sum which would, as nearly as can be reasonably determined, represent the proportionate interest of the injured stockholder in the new corporation, had he been so treated. *Southern Pacific Co.* v. *Bogert,* supra, 492; *Jones* v. *Missouri-Edison Electric Co.,* supra, 779; *Ervin* v. *Oregon Railway & Navigation Co.,* 27 Fed. 625, 633; *Sparrow* v. *E. Bement & Sons,* supra, 459; *Langer* v. *Fargo Mercantile Co.,* 48 N. D. 545, 563, 186 N. W. 104; *Cutting* v. *Baltimore & Ohio R. Co.,* 72 N. Y. Sup. 27, 28, affirmed 73 N. Y. Sup. 21. The property transferred may, under some circumstances, be followed into the hands of the new corporation and an equitable lien imposed upon it. *Nave-McCord Mercantile Co.* v. *Ranney,* supra, 389; *Jones* v. *Missouri-Edison Electric Co.,* supra, 775; *Ervin* v. *Oregon Railway & Navigation Co.,* supra, 635; *Lindemann* v. *Rusk,* 125 Wis. 210, 234, 104 N. W. 119.

Directors or stockholders who brought about an illegal transfer are guilty of a tort and may be held personally accountable for the loss suffered by the minority stockholder. *Nave-McCord Mercantile Co.* v. *Ranney,* supra, 389; *Ervin* v. *Oregon Railway & Navigation Co.,* 20 Fed. 577, 582; *Heath* v. *Erie Ry. Co.,* 8 *Blatch.* (U. S.) 347, 394; *Godley* v. *Crandall & Godley Co.,* 139 N. Y. Sup. 236, 249, affirmed as to this point 212 N. Y. 121, 105 N. E. 818. The nature of the

wrong being one ex delicto, any person who actively and knowingly participated in bringing it about may be held equally liable with the guilty directors or stockholders. *Heath* v. *Erie Ry. Co.*, supra, 411; *First National Bank & Trust Co.* v. *Manning,* 116 Conn. 335, 340, 164 Atl. 881; *McGann* v. *Allen,* 105 Conn. 177, 185, 134 Atl. 810. Stockholders in the new corporation would not ordinarily be necessary parties or liable for any loss to the wronged stockholder. *Ervin* v. *Oregon Railway & Navigation Co.*, 20 Fed. 577, 581; *Sparrow* v. *E. Bement & Sons*, supra, 458. In a number of these cases the transfer of the assets has been referred to as constructively fraudulent, as did the plaintiff, in effect, in his claims to the trial court.

Section 77B of the Bankruptcy Act provides that upon the transfer of the property to a new corporation in accordance with the provisions of a plan which has been confirmed by the court it "shall be free and clear of all claims of the debtor, its stockholders and creditors," except such as may be reserved in the plan. 11 U. S. C. A., § 207 (h). So far as appears the plaintiff has not sought to attack the decree of the federal court by appeal or otherwise, and if the plan of reorganization submitted to it involved the reorganization of Mills Spa by the organization of Tiffany's and the transfer of all the assets from the former to the latter, it is difficult to see how, at least upon the record before us, the plaintiff can assert any claim against the latter corporation or the assets in its possession. The provisions of the plan submitted to the federal court are not before us and the findings as to what took place in that court are far from clear, and it might be that the transfer of the assets to Tiffany's was never approved by any decree made in the bankruptcy proceedings. However that may be, there is nothing in the bankruptcy law which forbids a re-

covery by the plaintiff of a personal judgment against those who are responsible to him because of a breach of the duty owed to him as a stockholder in bringing about that transfer, and there are no findings or conclusions of the trial court which would, as the case stands before us, prevent him from asserting that right.

The plaintiff, aside from disaffirming any intent to have the transfer of assets to Tiffany's set aside, makes no specific claim as to the nature of the relief he is seeking, and the trial court never reached the point of considering that matter, as it held that he was not entitled to any relief. It is sufficient for our present purposes to point out that the plaintiff by virtue of his ownership of ten shares of the stock in Mills Spa, Incorporated, might, under the allegations of his complaint and upon the facts found, be found entitled to relief against some at least of the defendants because of the illegal action which lay at the basis of the proceedings for reorganization and the transfer of assets from Mills Spa to Tiffany's; and that the trial court was in error in overruling the claim made by him at the trial, that he was entitled to notice of the proceedings which brought about that result.

There is error, the judgment is set aside and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.